MADDOX, Justice.
Elbert A. Dodd, as President of the Fraternal Order of Police, Birmingham Lodge # 1, filed mandamus proceedings against appellee-defendant, David J. Vann, Mayor of the City of Birmingham, seeking to direct the mayor to withdraw his executive order[1] requiring all employees of the City of Birmingham, employed after July 13, 1976, to reside within the City of Birmingham. The mayor filed a “demurrer” to the petition which was sustained by the trial court. Appellant declined to amend its petition, or to plead further and judgment was entered in favor of the mayor. We affirm.
The basic inquiry on appeal is whether there exists a named plaintiff with standing to raise the issue before the court. The mayor contends that appellant’s petition contains no facts or averments that affirmatively show that appellant organization has a legal right to the relief requested. The mayor points out that appellant’s petition states that its members are already employed as policemen of the city and since the executive order plainly excludes this group from the effect of the order, there exists no “case or controversy.” Furthermore, the mayor calls attention to paragraph three of appellant’s petition wherein it is alleged that the Personnel Board of Jefferson County has the exclusive power to determine eligibility for employment of individuals by cities within a class occupied by the City of Birmingham. Appellant contends that the mayor’s executive order violates the Personnel Board Act applicable to Jefferson County in that the order consti *1214 tutes an unauthorized restriction into an area where the Alabama Legislature has delegated all authority to the County Personnel Board. The mayor asserts that even assuming the executive order is inconsistent with the regulations of the County Personnel Board regarding the hiring of employees, the Personnel Board has the power to sue and be sued and therefore, appellant organization has no standing to litigate on behalf of the Personnel Board.
Appellant relies primarily on the case of Thurston v. Dekle, 531 F.2d 1264 (C.A. 5, 1976) in support of its contention that it has standing to raise this claim. Without question, appellant’s reliance on Thurston v. De-kle, supra, is misplaced. Unlike the case at bar, in Thurston, the named plaintiff was an employee of the City of Jacksonville who was suspended without pay by the city and his termination was upheld on appeal by the Civil Service Board. Thurston, on behalf of himself and other city employees, sought declaratory relief and to enjoin the city from terminating their employment absent constitutionally sufficient pretermination proceedings. In holding that Thurston had standing, the Fifth Circuit held:
“ * * * [W]here the purpose of the standing requirement has been fulfilled by the presence of an adversary context which has remained concrete throughout the entire proceedings and where standing was subsequently determined not to exist because of a change in law affecting subject matter jurisdiction, this court should reach the merits.”
531 F.2d at 1271.
In the instant case, there was no named plaintiff who had standing at the time the action was filed. Appellant seeks to have this court issue a writ of mandamus directing the mayor to withdraw his order solely on behalf of individuals who may choose to become members of appellant’s organization. We are unaware of any case where any court has reached a substantive issue absent a named plaintiff who has standing at the time the action was filed. Clearly, appellant organization is not the proper party to request an adjudication of this particular issue and to allow appellant to proceed would be tantamount to rewriting the law of standing. See Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Blast v. Cohen, 392 U.S. 83, 106, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Sierra Club v. Morton, 405 U.S. 727, 731-732, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); Wright, Handbook on The Law of Federal Courts, § 13 (2d ed. 1970).
Appellant’s petition fails to allege that it or its members possess a sufficient interest for standing to be conferred. In light of this finding, we need not reach the merits.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, SHORES and BEATTY, JJ., concur.

. The Executive Order, which applies to all departments of the City of Birmingham, provides as follows:
“1. It shall hereafter be the administrative policy of the city of Birmingham to require all of its employees to live within the corporate limits of the City. An exception to this policy shall be recognized as to all employees hired before July 13, 1976, and residing outside of the corporate limits of the City of Birmingham on that date.
“2. Residents of the City of Birmingham are to be given preference in hiring. In the case of classified employees, if the name of a resident of the City appears on a certification from the Jefferson County Personnel Board, he must be offered the job before it is offered to a non-resident, unless a specific written exception from the Mayor’s Office is granted upon good cause shown. If no City resident’s name appears on such a list, or if all City residents decline, this information must be communicated to the Mayor before a nonresident is hired. In the case of unclassified employees, the same principles shall be applied, with Birmingham residents being given the preference in all hiring applications.
“3. In the event of the employment of a non-resident, it shall be a condition of his employment that he will move his and his family’s residence within the City within ten (10) months of his employment and that an employee’s failure to do so shall result in automatic discharge of such employee. Each employee hired shall be so informed in writing at the time of employment.
“4. For the purpose of the interpretation of this executive order, an employee maintaining a full time residence for his family outside of the City which he also frequents on a regular basis on weekends or other regular occasion shall not be deemed a resident of the City.”