WOODALL, Justice.
The Cadle Company (“Cadle”) appeals from a summary judgment for David Sha-bani, a/k/a Aziz Shabani, and AmSouth Bank (“the Bank”),[1] in Cadle’s ejectment action against Shabani and the Bank. We dismiss the appeal, vacate all judgments and orders in this action, and dismiss the action.
This is the second appeal in Jefferson Circuit Court case no. CV-04-5665. See Cadle Co. v. Shabani, 950 So.2d 277 (Ala. 2006), which involved a summary judgment entered on September 8, 2005 (“the first summary judgment”). The first summary judgment, in favor of Shabani and the Bank and against Cadle based on the parties’ motions and cross-motions, purported to address substantive facts and issues materially identical to those argued by the parties in this appeal.
Those facts are fully set forth in Shaba-ni and will be only summarily stated here. The dispute involves the execution of a judgment entered in the Jefferson Circuit Court in case no. CV-90-4081 in favor of American Express Travel Related Services Company, Inc. (“AMEX”), against Shaba-ni, which judgment was allegedly assigned to Cadle. The subject of the execution was real estate owned by Shabani and mortgaged to the Bank. At a sale of the real estate by the Jefferson County Sheriff, AMEX — the judgment creditor and alleged assignor — purchased the property. A sheriffs deed was issued in the name of AMEX. 950 So.2d at 278.
We could not address the merits of the dispute in Shabani, because we determined that the trial court lacked subject-matter jurisdiction. We said:
“On our own motion, we vacate the trial court’s judgment because we conclude that [Cadle] lacked standing to bring the ejectment action. In order to maintain an action for ejectment, a plaintiff must allege either possession or legal title, and the ‘action must be commenced in the name of the real owner of the land or in the name of the person entitled to possession thereof....’ § 6-6-280, Ala.Code 1975; see Morris v. *462 Yancey, 267 Ala. 657, 659, 104 So.2d 553, 555 (1958) (‘to authorize the recovery by the plaintiff, it must be made to appear by the evidence that plaintiff, at the commencement of the suit, had the legal title to the land sued for’); Douglass v. Jones, 628 So.2d 940, 941 (Ala.Civ.App. 1993) (beneficiary of will lacked standing to maintain ejectment because title of property remained with estate).
“The ejectment complaint filed by [Cadle] in this case alleged that it held title to the subject property. It is clear, however, from the record before us that [Cadle] could not prove that it held title because the deed is titled to AMEX. Although [Cadle] is undisputedly the as-signee of the judgment initially taken by AMEX against Shabani, there is no evidence indicating that [Cadle] is also the assignee of the sheriffs deed in favor of AMEX. Although the trial court in this case acknowledged that [Cadle] did not have title to the property, it nonetheless resolved the case on the merits .... Because [Cadle] lacked standing to maintain the ejectment action, the trial court lacked subject-matter jurisdiction over this case, and its resulting judgment is therefore void. Carey v. Howard, 950 So.2d 1131 (Ala.2006).”
Shabani, 950 So.2d at 279 (emphasis added). Thus, we vacated the summary judgment and dismissed the appeal, because a void judgment will not support an appeal. 950 So.2d at 280.
Despite our holding on July 28, 2006, that the trial court lacked subject-matter jurisdiction in case no. CV-04-5665, litigation in the case proceeded apace. For example, on August 25, 2006, Cadle filed a motion to reform the sheriffs deed. On September 18, 2006, the trial court entered an order stating, in pertinent part: “This court having considered [Cadle’s] motion to reform sheriffs deed and the responses to said motion filed by defendants, it is hereby ... ordered [that] the court shall retain jurisdiction of the matter for thirty (30) days from the date hereof in order to allow [Cadle] to amend its complaint.” (Emphasis added.) On October 11, 2006, Cadle amended its complaint to add the sheriff and AMEX as defendants. Later, the trial court entertained renewed motions and cross-motions for a summary judgment. On September 13, 2007, the trial court purported to enter a second summary judgment in favor of Shabani and the Bank and against Cadle,[2] resulting in this appeal. The language in the second summary judgment essentially mirrored the language in the first summary judgment.
It is clear that all the parties, as well as the trial court, have failed to understand the import of our determination in Shabani that subject-matter jurisdiction is lacking. The significance of the jurisdictional defect pointed out in Shabani has been ignored by the parties in this appeal. Nevertheless, we are “ ‘duty bound to notice ex mero motu the absence of subject-matter jurisdiction.’ ” Baldwin County v. Bay Minette, 854 So.2d 42, 45 (Ala.2003) (quoting Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 n. 2 (Ala. 1994)).
Perhaps the trial court and the parties assumed that the jurisdictional defect created by Cadle’s lack of standing to commence this ejectment action was cured by the pleading purporting to amend the complaint to add additional parties. If so, they were mistaken. Standing is “ ‘ “[t]he *463 requisite personal interest that must exist at the commencement of the litigation.” ’ ” Pharmacia Corp. v. Suggs, 932 So.2d 95, 98 (Ala.2005)(quoting In re Allison G, 276 Conn. 146, 156, 883 A.2d 1226, 1231 (2005), quoting in turn H. Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)). “When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.” State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999). The jurisdictional defect resulting from the plaintiffs lack of standing cannot be cured by amending the complaint to add a party having standing. Id. (“[A] pleading purporting to amend a complaint, which complaint was filed by a party without standing, cannot relate back to the filing of the original complaint, because there is nothing ‘back’ to which to relate.”). See also Grand Lodge of Fraternal Order of Police v. Vann, 344 So.2d 1212, 1214 (1977) (“We are unaware of any case where any court has reached a substantive issue absent a named plaintiff who has standing at the time the action was filed.”). Thus, when, on September 18, 2006, the trial court entered an order purporting to “retain jurisdiction of the matter for thirty (30) days ... in order to allow [Cadle] to amend its complaint,” it had no jurisdiction to retain. Indeed, since July 28, 2006, the date this Court issued its opinion in Shabani, case no. CV-0b-5665 has been, and is, over.
When the absence of subject-matter jurisdiction is noticed by, or pointed out to, the trial court, that court has no jurisdiction to entertain further motions or pleadings in the case. It can do nothing but dismiss the action forthwith. “ ‘Any other action taken by a court lacking subject matter jurisdiction is null and void.’ ” Rainbow Drive, 740 So.2d at 1029 (quoting Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo.Ct.App.1996)). Thus, upon our issuance of the opinion in Shabani, the trial court was duty bound to dismiss this action.
It follows that every order and judgment entered in case no. CV-04-5665 is void. Every order and judgment entered since the issuance of our opinion on July 28, 2006, is vacated; this appeal is dismissed as being from a void judgment; and case no. CV-04-5665 is hereby dismissed for lack of subject-matter jurisdiction.
JUDGMENT VACATED; APPEAL DISMISSED; CASE DISMISSED.
SEE, LYONS, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., concurs in the result.
MURDOCK, J., dissents.

. Regions Bank, by merger, has become the successor to the Bank. That merger, however, is not relevant to our disposition of this case.

. The sheriff was eventually dismissed from the action, and a default judgment was entered against AMEX.