MURDOCK, Justice
(dissenting).
I respectfully dissent.[1]
The opinion on original submission relies in part upon the decision of this Court in Ex parte Alabama Department of Transportation, 978 So.2d 17 (Ala.2007) (“Good Hope ”). I concurred in this Court’s opinion in Good Hope. Were I voting in that case today, however, I would dissent as to Part III of the Court’s opinion, “Proper Parties.” Specifically, I would vote to remand the case for the trial court to consider whether to allow the plaintiff to amend *1129 the complaint to add a proper defendant. There was no statute of limitations or other temporal bar to bringing a claim against a properly named party in Good Hope. Based on the position I outlined recently in my dissenting opinion in Cadle Co. v. Shabani, 4 So.3d 460, 464 (Ala.2008), I see no reason why the trial court in Good Hope should not have been given the opportunity to consider whether to allow an amendment to the complaint in that case.
Aside from the payment of any necessary filing fee, whether a trial court has subject-matter jurisdiction over an action depends on whether the complaint states a claim, of a type and against a defendant, over which the trial court has subject-matter jurisdiction. In the present case, as in Good Hope, the attempt to amend the complaint to cause it to do exactly that comes before the applicable statute of limitations has run. For the reasons articulated in my special wilting in Cadle, 4 So.3d at 464, I see no persuasive reason for not allowing the plaintiff to amend the complaint already on file with the trial court, thereby making that complaint one over which the trial court has subject-matter jurisdiction, rather than requiring the plaintiff to initiate an entirely new action.

. This case was decided on original submission by a division on which I do not sit. The application for rehearing, however, was considered by the entire Court.