Unlike the main opinion, I do not see a causal connection between the fact that the trial court did not acquire subject-matter jurisdiction over the state-law claims against Cynthia Davis and Suzann Isaacs in the original complaint and the disallowance of the state and federal-law claims against Davis and Isaacs in the amended complaint.
Unlike the undismissed, but void, claims in the original complaint in Cadle Co. v. Shabani, 4 So.3d 460 (Ala. 2008), the claims in the original complaint against Davis and Isaacs had actually been dismissed by the trial court by the time the amended complaint was filed. Therefore, there literally was no pre-statute-of-limitations complaint still pending to which the amended complaint could relate under Rule 15(c), Ala. R. Civ. P. It matters not that the claims in the original complaint were insufficient to provide the trial court with subject-matter jurisdiction. What matters is that, with respect to the claims against Davis and Isaacs, the original complaint had been dismissed. Rule 15(c), therefore, was not available to save either the new wrongful-death claim or the new claim under 42 U.S.C. § 1983 from the bar of the applicable two-year statute of limitations. See
Ala. Code 1975, § 6-2-38(l).
Accordingly, although I concur in the result reached by the main opinion, I respectfully decline to join in the reasoning offered by that opinion.