LYONS, Justice
(concurring specially).
I concur fully in the main opinion. I write specially to address subject-matter jurisdiction. Although the parties have not raised the issue, this Court has the inherent power to address it ex mero motu. Ex parte V.S., 918 So.2d 908, 912 (Ala.2005). I am able to concur in the main opinion because I conclude that the issue should be resolved in favor of finding jurisdiction. I write specially to condemn loose usage of the term “standing.”
Standing implicates subject-matter jurisdiction. Riley v. Pate, 3 So.3d 835, 838 (Ala.2008); State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999). Imprecision in labeling a party’s inability to proceed as a standing problem unnecessarily expands the universe of cases lacking in subject-matter jurisdiction.
Most of a debtor’s possessions become property of the bankruptcy estate upon the filing of a bankruptcy petition. See 11 U.S.C. § 541. The right to bi'ing a post-discharge action based on a pre-bankrupt-cy claim exists only when the trustee abandons the claims pursuant to 11 U.S.C. § 554. In the absence of an abandonment of the FELA cause of action by Daniel G. Hamm, Leo Paul Brooks was not the real party in interest when he commenced the post-discharge action against Norfolk Southern Railway Company.
Rule 17(a), Ala. R. Civ. P., requires that an action be brought in the name of the real party in interest. It further provides:
“No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.”
In An-Tze Cheng v. K & S Diversified Investments, Inc. (In re An-Tze Cheng), 308 B.R. 448, 461 (B.A.P. 9th Cir. 2004), the court stated: “The consequence is that, once the bankruptcy case is filed, the debtor lacks standing because the trustee owns the cause of action.” (Emphasis added.) If the problem is truly an issue of standing, then subsequent efforts to cure the defect are for naught. See Cadle Co. v. Shabani, 4 So.3d 460, 462-63 (Ala.2008):
“Perhaps the trial court and the parties assumed that the jurisdictional defect created by Cadle’s lack of standing to commence this ejectment action was cured by the pleading purporting to amend the complaint to add additional parties. If so, they were mistaken. Standing is ‘ “ ‘[t]he requisite personal interest that must exist at the commencement of the litigation.’ ” ’ Pharmacia Corp. v. Suggs, 932 So.2d 95, 98 (Ala.2005) (quoting In re Allison G., 276 Conn. 146, 156, 883 A.2d 1226, 1231 (2005), quoting in turn H. Monaghan, Constitutional Adjudication: The Who *500 and When, 82 Yale L.J. 1363, 1384 (1973)).”
Rule 17(a) allows an action to proceed after an objection is made based on the absence of the real party in interest if curative steps are taken. Obviously, an absence of a real party in interest does not implicate subject-matter jurisdiction or the sole remedy would be dismissal, as opposed to countenancing curative measures. If we allow instances of the want of a real party in interest to be swallowed up by an erroneously expansive definition of standing, we will effectively eliminate any field of operation for the aforementioned feature of Rule 17(a) allowing the defect to be cured.
Standing is properly limited to circumstances stemming from lack of justiciability. A plaintiff must be so situated that he or she will bring the requisite adverseness to the proceeding. A plaintiff must also have a direct stake in the outcome so as to prevent litigation, initiated by an interested bystander with an agenda, having an adverse impact on those whose rights are directly implicated. See Diamond v. Charles, 476 U.S. 54, 61-62,106 S.Ct. 1697, 90 L.Ed.2d 48 (1986).
Much of the precedent in the area of standing comes from federal courts subject to the case-or-controversy requirement of Article III of the United States Constitution. Of course, we do not have a case-or-controversy requirement in the Alabama Constitution of 1901, but our concepts of justiciability are not substantially dissimilar. See Pharmacia Corp. v. Suggs, 932 So.2d 95 (Ala.2005), where this Court, after noting the absence of a case-or-controversy requirement in our Constitution, observed:
“We have construed Art. VI, § 139, Ala. Const, of 1901 (as amended by amend, no. 328, § 6.01, vesting the judicial power in the Unified Judicial System), to vest this Court ‘with a limited judicial power that entails the special competence to decide discrete cases and controversies involving particular parties and specific facts.’ Alabama Power Co. v. Citizens of Alabama, 740 So.2d 371, 381 (Ala.1999). See also Copeland v. Jefferson County, 284 Ala. 558, 226 So.2d 385 (1969) (courts decide only concrete controversies between adverse parties).”
932 So.2d at 97 n. 4.
If we limit standing to issues of justicia-bility as defined above, thereby significantly reducing the occasion for concerns over subject-matter jurisdiction, the problem in this case is properly viewed as an issue of real party in interest for which Rule 17(a), Ala. R. Civ. P., offers a remedy. In this proceeding we have no concerns over adverseness nor do we have a meddlesome bystander at the helm as of the commencement of the action. Viewed from this perspective, no problem of absence of subject-matter jurisdiction is presented.