COBB, Chief Justice.
This appeal is from a default judgment in an action filed by the law firm Gordon, Dana, Still, Knight & Gilmore, LLC (“GDSKG”), to recover attorney fees from its former client, Shelley Simons Ernstber-ger Lauterbach. We dismiss the appeal for lack of jurisdiction.

Facts and Procedural History

On January 27, 2009, GDSKG sued Lau-terbach, alleging that Lauterbach had failed to pay GDSKG for legal services it had rendered in conjunction with Lauter-bach’s divorce. GDSKG sought to recover based on breach of contract or, in the alternative, under the equitable theories of “quantum meruit, unjust enrichment, restitution, and the like.”
On March 12, 2009, GDSKG filed an application for the entry of default and a motion for a default judgment. On April 14, 2009, the trial court issued an order granting the motion for a default judgment and entering a default judgment.[1] On May 6, 2009, Lauterbach moved to set aside the default judgment on the ground that the attorney fees she was charged by GDSKG were excessive and unreasonable. The trial court held a hearing on the motion on June 2, 2009. After the June 2, 2009, hearing, further filings and hearings ensued, none of which reflected an agreement on the record by the parties to extend the 90-day period prescribed by Rule 59.1, Ala. R. Civ. P., for ruling on Lauter-bach’s motion to set aside the default judgment.
On November 13, 2009, the trial court entered an order purporting to deny Lau-terbach’s motion to set aside the default judgment. On December 15, 2009, Lau-terbach filed a notice of appeal from the trial court’s November 13, 2009, order.

Standard of Review

“On questions of subject-matter jurisdiction, this Court is not limited by the parties’ arguments or by the legal conclusions of the trial and intermediate appellate courts regarding the existence of jurisdiction. Rather, we are obligated to dismiss an appeal if, for any reason, jurisdiction does not exist. See Ex parte Smith, 438 So.2d 766, 768 (Ala.1983) (‘Lack of subject-matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject-matter jurisdiction ex mero motu.’ (citing City of Huntsville v. Miller, 271 Ala. 687, 688, 127 So.2d 606, 608 (1958))).”
*615 Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 894-95 (Ala.2008).

Analysis

Rule 59.1, Ala. R. Civ. P., states:
“No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown.”
Rule 59.1 “expressly places motions to set aside default judgments under Rule 55(c) within this rule’s policy of automatic denial after 90 days.” Committee Comments to Amendment Effective March 1, 1984, to Rule 59.1, Ala. R. Civ. P. Thus, Lauterbach’s motion to set aside the judgment of default was denied by operation of Rule 59.1 on August 4, 2009. Therefore, to be timely, Lauterbach’s notice of appeal would have to be filed within 42 days of August 4, 2009.[2] Accordingly, September 15, 2009, was the last day on which Lauter-baeh could have timely filed her notice of appeal. Lauterbach’s December 15, 2009, notice of appeal thus was untimely.
“The filing of a timely notice of appeal is a jurisdictional act.” Painter v. McWane Cast Iron Pipe Co., 987 So.2d 522, 529 (Ala.2007) (citing Lewis v. State, 463 So.2d 154, 155 (Ala.1985)). “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. R.App. P. See also Ex parte Alabama Dep’t of Human Res., 999 So.2d at 895 (“[W]e are obligated to dismiss an appeal if, for any reason, [subject-matter] jurisdiction does not exist.” (citing Ex parte Smith, 438 So.2d 766, 768 (Ala. 1983))).
Therefore, we dismiss this appeal for lack of jurisdiction. See Rule 2(a), Ala. R.App. P. (mandating the dismissal of any appeal when the notice of appeal is not timely filed to invoke appellate jurisdiction); Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200 (Ala.2009) (dismissing an appeal not filed within 42 days of the denial of a postjudgment motion by operation of Rule 59.1, Ala. R. Civ. P.).
APPEAL DISMISSED.
WOODALL, SMITH, PARKER, and SHAW, JJ., concur.

. No default was entered before the judgment of default was entered. See Rule 55(a), Ala. R. Civ. P.

. See Rule 4(a)(1) and (3), Ala. R.App. P.:
"(1) ... [I]n all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal ... shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from....
[[Image here]]
"(3) ... If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.”