COBB, Chief Justice
(concurring in the result in part and dissenting in part).
When this Court decided Cadle Co. v. Shabani, 4 So.3d 460 (Ala.2008) (“Cadle ”), Justice Murdock wrote a powerful dissent. See Cadle, 4 So.3d at 463 (Murdock, J., dissenting). I concurred in the result in Cadle, with the following special writing:
“Under other circumstances, I would find Justice Murdock’s dissent persuasive, particularly with respect to the savings in judicial resources that would be effected if the filing and prosecution of an entirely new legal action could be avoided. However, under the circumstances of this case, it does not appear to me that the jurisdictional impediment first noted in Cadle Co. v. Shabani, 950 So.2d 277 (Ala.2006), was ever removed. Accordingly, I concur in the result.”
4 So.3d at 463 (Cobb, C.J., concurring in the result).
The rationale in Justice Murdock’s dissent in Cadle is entirely applicable to the case at hand. Further, the present case powerfully illustrates the waste of judicial resources, and the prejudice to all parties, caused by this Court’s incorrect decision in Cadle. Brentwood Properties, Inc., filed this case on February 7, 2008. After the defendants pointed out that Brentwood lacked standing to bring the action, the trial court substituted Kessler-Greystone, LLC (“Kessler”), as plaintiff. Subsequent *322 ly, Bernals, Inc., filed counterclaims against Kessler, all of which arose out of the same transactions and occurrences that led to Kessler’s breach-of-contract claims. Both Kessler’s claims against Ber-nals and Bernals’s counterclaims against Kessler proceeded to a judgment on the merits on February 2, 2010 — after two years of litigation. Now, nearly another year later, and after nearly three years of litigation, the trial court’s judgment is being vacated and the case dismissed without a disposition of the merits of this dispute.
Because I disagree with this Court’s opinion in Cadle, I must dissent from today’s holding that “ ‘[t]he jurisdictional defect resulting from the plaintiffs lack of standing cannot be cured by amending the complaint to add a party having standing.’ ” 70 So.3d at 319 (quoting Cadle, 4 So.3d at 463). In my view, the Court should consider Bernals’s appeal on the merits. Therefore, I dissent from the Court’s dismissal of Bernals’s appeal.
Further, I recognize that, under Cadle, the judgment against Maria E. Adan is void and is due to be vacated. Cadle, 4 So.3d at 463 (holding that, once the absence of subject-matter jurisdiction is pointed out to a trial court, every act of the trial court, other than dismissing the case for lack of jurisdiction, is void). Because I disagree with Cadle, I dissent from the holding that the judgment against Adan is void. However, in my view, Adan’s appeal is not due to be decided on the merits. The trial court’s May 1, 2009, order entering a default judgment against Adan was certified as final pursuant to Rule 54(b), Ala. R. Civ. P. On the same day the trial court entered the default judgment against her, Adan moved to set aside the judgment of default; the trial court did not rule on the motion to set aside the default within 90 days after its filing, and it was denied on the 91st day by operation of law. Adan filed her appeal over one year after filing the motion to set aside the default judgment. In Lauterbach v. Gordon, Dana, Still, Knight & Gilmore, LLC, 56 So.3d 613, 614 (Ala.2010), a motion to set aside a default judgment was automatically denied after 90 days because the trial court had not ruled on the motion. In Lauterbach, this Court held that, to be timely, a notice of appeal would have to be filed within 42 days of the date the motion to set aside the default judgment was automatically denied. Under Lauterbach, Adan’s appeal is due to be dismissed for lack of jurisdiction because it is untimely. See Lauterbach, 56 So.3d at 615 (dismissing an untimely appeal for lack of jurisdiction).
Accordingly, I concur in the result as to the dismissal of Adan’s appeal, and I dissent from the decision to vacate the default judgment against her. In all other respects, I respectfully dissent.