SHORES, Justice.
Stella Mae Bryars Taylor appeals from a judgment entered in an action for ejectment. On March 28, 1991, Mason H. and Shirley W. Bryars purchased the disputed real property, located in Baldwin County, at a mortgage foreclosure sale, and demanded possession from Mason’s former sister-in-law, Stella Mae Bryars Taylor. She refused, and they sued.[1] After an ore tenus hearing, the trial court entered a judgment for the Bryarses; Taylor appeals. We affirm.
In 1968, Taylor and Hubert Lee Bryars (who was her husband at that time), as joint tenants, executed a mortgage on the following property to secure a loan from the Farmers Home Administration (FHA):
“Lot 33 of Greenwoods’ Survey of Perdi-do, as per plat of same duly recorded in the office of the Judge of Probate of said County and lying in Section 36, Township 1 North of Range 4 East.”
In 1986, the FHA began mortgage foreclosure proceedings on the property because of delinquent payments. The appel-lees, Mason and Shirley Bryars (brother and sister-in-law of Hubert Lee Bryars), paid the $4,761.08 due on the mortgage. Taylor promised to repay the Bryarses in April of that year, but failed to do so. The FHA then contacted Taylor and advised her that the mortgage would not be assigned to the Bryarses until $107.90, the eost of attorney fees for the foreclosure proceedings, was paid. In late 1986, the Bryarses paid this amount also, and, on December 5, 1986, they received an assignment of the mortgage.
On August 15, 1986, Mrs. Taylor and her husband, Hubert Bryars, were divorced. As part of the proceedings, he was required to convey his interest in the property to her by quitclaim deed. He did so. In April 1987, Taylor conveyed the property to her brother-in-law, Melvin Thompson, by warranty deed.
Taylor never repaid the Bryarses, so they foreclosed on the mortgage and then purchased the property at the foreclosure sale. Taylor, pro se, appeals from a judgment requiring her to vacate the property.
Taylor contends that the assignment of the mortgage to the Bryarses by the FHA was invalid because (1) she says she did not consent to it, and (2) she says it was not in writing. However, Taylor admits that she never repaid the Bryarses for the money they paid to the FHA, and she admits that she has not made any mortgage payments on the property since the final divorce judgment. Taylor also was aware of the assignment of the mortgage to the Bryarses.
At trial, the Bryarses introduced certified copies of the mortgage executed by Taylor and her former husband, the assignment of the mortgage, and the mortgage foreclosure deed. They also established a demand for possession, with Taylor’s refusal to deliver possession. The law of Alabama pertaining to an ejectment action was correctly summarized by the Court of Civil *380 Appeals in Thompson v. First State Bank of Alabama, 503 So.2d 858, 860 (Ala.Civ.App.1987):
“A plaintiff who establishes that he has both legal title to the property when his complaint is filed and a right to immediate possession has established the elements for statutory ejectment. Atlas Subsidiaries v. Kornegay, 288 Ala. 599, 264 So.2d 158 (1977). Further, if the mortgage and foreclosure deed, either the original documents or certified copies thereof, are produced, as well as proof of both demand for and refusal to deliver possession, then all the necessary elements of ejectment are established. Jones v. Butler, 286 Ala. 69, 237 So.2d 460 (1970).”
The Bryarses have proven the elements for statutory ejectment. The judgment of the trial court is due to be affirmed. AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.

. The complaint names, in addition to Taylor, these defendants: Melvin Ray Thompson, Taylor’s brother-in-law, to whom she transferred the property; and Joseph and Patricia Cox.