B.N. Muller III appeals from a summary judgment entered by the Chilton Circuit Court in favor of Linda S. Seeds and Chris Seeds. We reverse and remand. *Page 1176 
 Facts and Procedural History
Muller is a minority shareholder in Silver Point, Inc. ("Silver Point"), an Alabama corporation formed for the purpose of buying and selling real estate. In addition to his stock in Silver Point, Muller holds a mortgage on a 162-acre tract of land owned by Silver Point. Half of the stock in Silver Point is held by its president and chief executive officer, Berry Shirley, who primarily negotiated all sales of land sold by Silver Point.
The 162-acre tract owned by Silver Point is divided into six lots, and Silver Point was selling the lots. As each lot was sold, Muller would execute a release of the lot from the operation of his mortgage. At the time of this litigation, Lots 1, 2, 4, and 5 had been sold by Silver Point and released by Muller; Lots 3 and 6 remained subject to the mortgage. In early 2000, the Seedses, after negotiating with Shirley, entered into a sales contract to purchase Lot 3 from Silver Point. However, Muller refused to execute a release of Lot 3 upon its sale, writing on the sales contract, "Rejected-No Value."
Silver Point, through Shirley, and the Seedses proceeded with the sale, notwithstanding Muller's refusal to release Lot 3 from the mortgage. The Seedses closed on the sale, paying $60,350 for Lot 3, of which $12,500 was paid to Silver Point. Of the $12,500, $11,000 was tendered by check to Muller, who alleges that he took the check "as evidence" but that he never cashed it or deposited it.
Subsequent to the closing, Muller informed Shirley and the Seedses that he had never released Lot 3 from his mortgage, and he requested that possession of Lot 3 be surrendered to him. When neither Shirley nor the Seedses complied with Muller's request, the mortgage being in default, Muller proceeded to foreclose upon the property; pursuant to the power-of-sale provision in his mortgage, he conducted a foreclosure sale, at which he purchased the property that had not been released from the mortgage — Lots 3 and 6 — as the highest bidder. The Seedses refused to surrender possession. Muller then timely filed an ejectment action in the Chilton Circuit Court, seeking to have that court eject the Seedses from Lot 3. Muller's complaint also purported to seek relief in rem against Lot 3.
The Seedses timely filed an answer and a counterclaim against Muller, alleging breach of contract and wrongful foreclosure. Their answer asserted 10 defenses, some of which were affirmative defenses, such as payment. The Seedses, however, never explained exactly what contract they were alleging in their counterclaim Muller had breached.
The Seedses filed a motion for a summary judgment on Muller's ejectment claim against them, which the trial court initially denied. Approximately one year later, however, after further discovery, the Seedses filed a renewed motion for a summary judgment, again only as to Muller's ejectment claim, which the trial court granted. The court, pursuant to Rule 54(b), Ala. R. Civ. P., certified the summary judgment as a final judgment.
 Standard of Review
This Court reviews a summary judgment de novo. Turner v.Westhampton Court, L.L.C., 903 So.2d 82, 87 (Ala. 2004). We seek to determine whether the movant has made a prima facie showing that there exists no genuine issue of material fact and has demonstrated that the movant is entitled to a judgment as a matter of law. Turner, supra. In reviewing a summary judgment, this Court reviews the evidence in the light most favorable to the nonmovant. Turner, supra. Once the movant makes a prima facie *Page 1177 
showing that he is entitled to a summary judgment, the burden shifts to the nonmovant to produce "substantial evidence" creating a genuine issue of material fact. Ala. Code 1975, §12-21-12; Bass v. South-Trust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Fla., 547 So.2d 870, 871 (Ala. 1989).
 Analysis
Despite the manner in which Muller framed his complaint, we conclude that he asserted only one claim — for ejectment. His complaint states that it seeks "relief in the nature of ejectment"; such a statement indicates that Muller's action is one filed pursuant to Ala. Code 1975, § 6-6-280(b). A statutory ejectment action is "mixed, in that it is in rem as to title and in personam insofar as damages sought for detention." Leev. Jefferson, 435 So.2d 1240, 1242 (Ala. 1983). "[E]jectment is a favored action for the trial of title to land." Lee,435 So.2d at 1242 (emphasis added). In Taylor v. Bryars,602 So.2d 378 (Ala. 1992), this Court recited the proper method of resolving a statutory ejectment action:
 "`A plaintiff who establishes that he has both legal title to the property when his complaint is filed and a right to immediate possession has established the elements for statutory ejectment. Atlas Subsidiaries v. Kornegay, 288 Ala. 599, 264 So.2d 158 (197[2]). Further, if the mortgage and foreclosure deed . . . are produced, as well as proof of both demand for and refusal to deliver possession, then all the necessary elements of ejectment are established. Jones v. Butler, 286 Ala. 69, 237 So.2d 460 (1970).'"
602 So.2d at 380.
Muller purchased the property at the foreclosure sale; thus, legal title to Lot 3 vested in him, and he was entitled to take immediate possession. See Ala. Code 1975, § 35-10-12. Moreover, Muller produced in the trial court the mortgage and foreclosure deed, as well as proof of his demand for Lot 3. It is undisputed that the Seedses refused to deliver possession of Lot 3 to Muller.
The Seedses challenge the validity of Muller's foreclosure, however, contending that the consideration they paid was sufficient to secure a release of Lot 3 from Muller's mortgage. Initially, we note that the Seedses only vaguely argued this issue in their motions for a summary judgment, merely contending that Muller had "received proceeds from the real estate closing sufficient to satisfy his lien on Lot 3" and that he would be "unjustly enriched" if he were permitted to prevail on his ejectment action. Muller's mortgage, however, contained no language providing that he would grant a release upon the payment of any consideration. On appeal, the Seedses belatedly argue that Muller had authorized Shirley both to sell property and to grant partial releases from Muller's mortgage. We note that this argument is raised for the first time on appeal. Moreover, the evidence proffered by the Seedses on appeal — a short colloquy from a deposition of a third party — when viewed in the light most favorable to Muller, as the nonmovant, merely establishes that Muller authorized Shirley to handle transactions and to quote prices with respect to those lots Muller had released from his mortgage. Thus we conclude that the Seedses failed to meet their burden as summary-judgment movants as to this argument. *Page 1178 
The Seedses also argue that they were entitled to a summary judgment on the authority of Conway v. Andrews, 286 Ala. 28,236 So.2d 687 (1970), which they contend is on point with the instant case. In that case, Conway foreclosed upon property owned by Andrews and then purchased the property at the subsequent foreclosure sale. Conway brought a statutory ejectment action against Andrews; Andrews counterclaimed by filing a declaratory-judgment action in the equity court. The trial court consolidated the two claims in the equity court, set aside the foreclosure and the subsequent sale, and ordered Conway to release the subject property from her mortgage.
The effect of Conway, according to the Seedses, is that the defendant in an ejectment action can prevail over the plaintiff, even if the plaintiff has superior title, by demonstrating that the property should have been sold in individual parcels rather than in en masse. The fact that Lots 3 and 6 were sold at foreclosure together, rather than one at a time, the Seedses contend, justifies an order setting aside the entire foreclosure and directing the mortgagee (if in possession) to release the parcel from his mortgage.
We note, however, that in Conway Andrews prevailed and the trial court set aside Conway's foreclosure because Andrews counterclaimed in chancery requesting that the sale be set aside.286 Ala. at 32, 236 So.2d at 690. In every other case that we have found, a trial court has likewise set aside a foreclosure only upon a pleading specifically requesting such relief. See, e.g., Garris v. Federal Land Bank of Jackson, 584 So.2d 791,792 (Ala. 1991); George v. Federal Land Bank of Jackson,501 So.2d 432, 436-37 (Ala. 1986); Ames v. Pardue, 389 So.2d 927,929 (Ala. 1980); J.H. Morris, Inc. v. Indian Hills, Inc.,282 Ala. 443, 447, 212 So.2d 831, 835 (1968); Kelly v. Carmichael,217 Ala. 534, 536, 117 So. 67, 69 (1928); Bank of New Brocktonv. Dunnavant, 204 Ala. 636, 638, 87 So. 105, 106-07 (1920); andDozier v. Farrior, 187 Ala. 181, 184, 65 So. 364, 365 (1914).
In their counterclaim, the Seedses alleged Muller's "wrongful foreclosure" and specifically requested that the trial court set aside the foreclosure. That counterclaim, however, has never been ruled upon and is not before this Court. Only Muller's ejectment claim is currently at issue, and only the Seedses' legal and equitable defenses to that claim may be considered in reviewing the summary judgment. Other than the Seedses' earlier argument that they paid sufficient consideration to Muller for a release of Lot 3 from the mortgage, however, they argue the applicability of no defense — legal or equitable. Thus they have failed to present evidence sufficient to entitle them to a summary judgment on Muller's ejectment claim. Consequently, concluding that the Seedses failed to meet their burden, we reverse the summary judgment.
 Conclusion
We reverse the summary judgment and remand the cause to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, STUART, and BOLIN, JJ., concur. *Page 1179