These appeals stem from an ejectment action filed by The Cadle Company against David Shabani a/k/a Aziz M. Shabani, and AmSouth Bank.
The following facts are undisputed: On October 1, 1993, American Express Travel Related Services Co., Inc. ("AMEX"), obtained a judgment against Shabani in the amount of $63,576.85. This judgment, along with a quitclaim assignment of the judgment to Financial Support Services E, Inc., was recorded in the Jefferson Circuit Court. The judgment was further assigned to The Cadle Company in January 1999. This assignment of the judgment was recorded in the Probate Court of Jefferson County.
On March 25, 2002, Shabani acquired a deed to the real property that is the subject of this action. Shabani subsequently executed a mortgage on the property to AmSouth in the amount of $100,000; this mortgage was recorded in the Jefferson County Probate Court.
In May 2003 The Cadle Company sent a letter to the clerk of the Jefferson Circuit Court, requesting execution of the judgment on the property owned by Shabani; the execution was returned to The Cadle Company as unsuccessful. No further execution of the original judgment was attempted until March 2004, which was after October 1, 2003 — the date on which the 10-year period provided in § 6-9-211, Ala. Code 1975, for a judgment lien on the property expired. The Cadle Company never filed a notice of lis pendens before October 1, 2003. Furthermore, The Cadle Company never filed any motion with the Jefferson County Probate Court to revive the original judgment.
On or about June 28, 2004, a sheriff's sale of the property was conducted, at which time AMEX, not The Cadle Company, purchased the property for $295.80. An undated sheriff's deed was issued to AMEX; this deed was recorded in the Jefferson County Probate Court.
On September 22, 2004, The Cadle Company, while record title was in AMEX, filed an ejectment action, in which it claimed it held legal title to the property owned by Shabani and on which AmSouth held a mortgage.
On June 27, 2005, The Cadle Company filed a motion for a summary judgment, claiming that it was the owner of the subject property by virtue of the sheriff's deed. As previously noted, the sheriff's deed was issued in favor of AMEX. Shabani and AmSouth subsequently filed motions for a summary judgment, in which they claimed that The Cadle Company's *Page 279 
judgment lien had expired, that The Cadle Company lacked standing to bring the ejectment action, and that The Cadle Company lacked the authority to conduct business in the State of Alabama.
Following a hearing, the trial court granted the motions for summary judgment filed by Shabani and AmSouth and denied the motion for summary judgment filed by The Cadle Company. Specifically, the trial court concluded that the judgment lien had expired on October 1, 2003, and that the subsequent execution on the judgment by holding the sheriff's sale was void. The trial court refused to rule on the other grounds asserted by Shabani and AmSouth in their motions for summary judgment, noting:
 "The court does not rule on [Shabani and AmSouth's] other grounds for summary judgment including the failure of [The Cadle Company], a foreign corporation, to be qualified to do business in the State of Alabama . . ., and [The Cadle Company's] lack of standing to bring this ejectment action (since the Sheriff'S Deed is in the name of [AMEX]), as the court believes that these issues are not dispositive in this case.
 "The court therefore bases its granting of the defendants' motions for summary judgment on the [AmSouth Bank v. Bischoff, 678 So.2d 1102
(Ala.Civ.App. 1995)] case. The effect of the court's ruling is to hold that defendant Shabani owns the subject property subject to the mortgage lien of defendant AmSouth Bank."
The Cadle Company appeals from the final judgment in favor of Shabani and AmSouth. Shabani and AmSouth cross-appeal.
On our own motion, we vacate the trial court's judgment because we conclude that The Cadle Company lacked standing to bring the ejectment action. In order to maintain an action for ejectment, a plaintiff must allege either possession or legal title, and the "action must be commenced in the name of the real owner of the land or in the name of the person entitled to possession thereof. . . ." § 6-6-280, Ala. Code 1975;see Morris v. Yancey, 267 Ala. 657, 659, 104 So.2d 553,555 (1958)("to authorize the recovery by the plaintiff, it must be made to appear by the evidence that plaintiff, at the commencement of the suit, had the legal title to the land sued for"); Douglass v. Jones, 628 So.2d 940, 941
(Ala.Civ.App. 1993) (beneficiary of will lacked standing to maintain ejectment because title of property remained with estate).
The ejectment complaint filed by The Cadle Company in this case alleged that it held title to the subject property. It is clear, however, from the record before us that The Cadle Company could not prove that it held title because the deed is titled to AMEX. Although The Cadle Company is undisputedly the assignee of the judgment initially taken by AMEX against Shabani, there is no evidence indicating that The Cadle Company is also the assignee of the sheriff's deed in favor of AMEX. Although the trial court in this case acknowledged that The Cadle Company did not have title to the property, it nonetheless resolved the case on the merits — finding that the judgment lien had expired. Because The Cadle Company lacked standing to maintain the ejectment action, the trial court lacked subject-matter jurisdiction over this case, and its resulting judgment is therefore void. Carey v.Howard, [Ms. 1040518 and 1040532], ___ So.2d ___ (Ala. 2006).[1] *Page 280 
Accordingly, the judgment of the trial court is vacated, and the appeal and the cross-appeals are dismissed.
JUDGMENT VACATED; APPEAL AND CROSS-APPEALS DISMISSED.
NABERS, C.J., and SEE, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] This Court invited the parties to address the effect of the absence of evidence indicating that The Cadle Company held title to the property. The materials filed in response indicate that counsel for The Cadle Company also represent AMEX. That circumstance, however, is not sufficient to cure the jurisdictional defect.