On Application for Rehearing

BRYAN, Judge.
The opinion of May 14, 2010, is withdrawn, and the following is substituted therefor.
Stephanie Berry and Eva Berry appeal from a summary judgment in favor of Deutsche Bank National Trust Company, as trustee for Long Beach Mortgage Loan Trust 2003-1 (“Deutsche Bank”), in Deutsche Bank’s ejectment action against them. We reverse and remand.
On October 15, 2002, Stephanie borrowed $48,450 from Long Beach Mortgage Company (“Long Beach”) and executed a variable-rate promissory note (“the note”) in which she promised to repay the loan with interest. Contemporaneously, Stephanie and her grandmother, Eva, executed (1) a mortgage (“the mortgage”) in favor of Long Beach on a parcel of real property they owned in Birmingham (“the property”) and (2) an instrument titled “Fixed/Adjustable Rate Rider” (“the rate rider”).
On July 24, 2008, Deutsche Bank sued Stephanie and Eva, stating a claim of ejectment. As the factual basis of its claim, Deutsche Bank alleged that it had foreclosed the mortgage on June 19, 2008, that it had purchased the property at the foreclosure sale, that it had served Stephanie and Eva with a written demand for possession of the property, and that Stephanie and Eva had not vacated the property. As relief, Deutsche Bank sought possession of the property and damages for Stephanie and Eva’s failure to vacate the property. In addition, Deutsche Bank sought a determination that Stephanie and Eva had forfeited them right to redeem the property by failing to vacate the property within 10 days after receiving Deutsche Bank’s written demand for possession.
Answering, Stephanie and Eva denied the allegations of the complaint and asserted, as an affirmative defense, that Deutsche Bank was not entitled to prevail on its ejectment claim because, Stephanie and Eva said, it did not own title to the property because, Stephanie and Eva said, the foreclosure of the mortgage upon which Deutsche Bank based its claim of title was invalid.
On September 29, 2008, Deutsche Bank moved the trial court for a summary judgment on the ground that it was entitled to possession of the property by virtue of its foreclosing the mortgage. In support of its motion, Deutsche Bank submitted, among other things, authenticated copies of the foreclosure deed conveying title to the property to Deutsche Bank and a June 25, 2008, letter addressed to Stephanie and Eva demanding possession of the property. Deutsche Bank also submitted evidence establishing that Stephanie and Eva had not vacated the property.
Stephanie and Eva moved the trial court to grant them time to conduct discovery before responding to the summary-judgment motion, and the trial court did so. On December 3, 2008, Deutsche Bank filed additional evidence in support of its summary-judgment motion. That evidence included authenticated copies of the note; the mortgage; the rate rider; and letters giving Stephanie and Eva notice of default, notice of their right to cure the default within 30 days, notice of acceleration of the sums due under the mortgage, and notice of the foreclosure sale.
On December 17, 2008, Stephanie and Eva filed a response to Deutsche Bank’s *145 summary-judgment motion. In their response, Stephanie and Eva asserted, among other things, that Deutsche Bank was not entitled to a summary judgment because, they said, the foreclosure upon which Deutsche Bank based its ejectment claim was invalid because, they said, Deutsche Bank had breached the fiduciary duty it owed Stephanie and Eva by purchasing the property at the foreclosure sale for $33,915 when the market value of the property was $84,800 according to the Jefferson County tax assessor. In support of this argument, Stephanie and Eva submitted an affidavit made by Eva in which she attested that the Jefferson County tax assessor had determined that the market value of the property in 2008 was $84,800. On January 9, 2009, Deutsche Bank moved the trial court to “to strike any testimony in [Stephanie and Eva’s] affidavits testifying to the value of the property” on the ground that Stephanie and Eva had “failed to submit any admissible evidence relevant to the value of the property at the time of the foreclosure sale.” Also on January 9, 2009, Stephanie and Eva filed an unauthenticated copy of the 2008 tax notice on the property prepared by the Jefferson County tax collector (“the 2008 tax notice”), which listed the market value of the property as $84,800, and an unauthenticated copy of a document purporting to be an estimate of the value of property prepared by Zillow.com, which estimated the market value of the property to be $86,500. Deutsche Bank did not move to strike the unauthenticated copy of the 2008 tax notice or the unauthenticated copy of the Zillow.com estimate.
On March 6, 2009, the trial court entered a judgment in favor of Deutsche Bank. The judgment stated:
“Pending is a Motion for Summary Judgment filed by the plaintiff Deutsche Bank National Trust Company, in an ejectment action on property ... where defendants Stephanie Denise Berry and Eva Mae Berry currently reside. [Deutsche Bank] filed in support of its motion the following evidence: an affidavit of Marianne Petrocelli (manager for Nationwide REO Brokers, Inc., an agent for Washington Mutual Banks, as servicing agent for Owner of Record, Deutsche Bank National Trust Company); the foreclosure deed of said property; and a letter to all occupants of the property demanding possession. In opposing [Deutsche Bank’s] motion, [Stephanie and Eva] contend that because of wrongful foreclosure proceedings, [Deutsche Bank] is without legal title to the property and [Deutsche Bank’s] motion is thus due to be denied.
“A prima facie showing in an ejectment action requires the plaintiff to provide substantial evidence that it has legal title to the property when the complaint was filed and a right to immediate possession. Muller v. Seeds, 919 So.2d 1174, 1177 (Ala.2005). [Deutsche Bank] has provided the Court with prima facie evidence by filing a true and correct copy of the foreclosure deed and a demand for possession letter. The burden therefore shifts to [Stephanie and Eva] to produce substantial evidence that there was a wrongful foreclosure and consequently that [Deutsche Bank] should be es-topped from contending [that it has] good title to the property.
“[Stephanie and Eva] offer a number of arguments that the foreclosure proceedings were wrongful. Finding most of the arguments meritless, the Court addresses in detail only [their] contention that the foreclosure sale was improper because [Deutsche Bank] breached its duty of good faith and fairness to the mortgagor by selling the property to itself for a price ‘well below the market *146 value.’ [Stephanie and Eva’s] brief at page 6. [Stephanie and Eva] cite the general rule in Mt. Carmel Estates v. Regions Bank, 853 So.2d 160 (Ala.2002) that ‘where the price realized at the [foreclosure] sale is so inadequate as to shock the conscience, it may itself raise a presumption of fraud, trickery, unfairness, or culpable mismanagement, and therefore be sufficient ground for setting the foreclosure sale aside.’ Id. In other words, [Stephanie and Eva] claim that the purchase price paid by the bank of $83,915.00 at the foreclosure sale was so inadequate as to ‘shock the conscience’ and is therefore grounds for setting aside the foreclosure sale and deed.
“In support of this argument, [Stephanie and Eva] provided the Court with a copy of their 2008 Jefferson County Tax Notice, wherein the market value of the property at issue was stated to be $84,800.00. [Stephanie and Eva] also filed what appears to 'be an online appraisal of $86,500.00 from Zillow.com, which presumably bases its assessment on comparable sales of similar properties in the surrounding area. If the Court were to assume, arguendo, that the tax notice market value and Zil-low.com appraisal are accurate, then the foreclosure sale yielded less than 40% of the market value. Moreover, the bid price created a 30% deficiency of $13,599.00 on the debt secured by the property.
“A review of case law suggests that the Court can compare the purchase price at the foreclosure sale to the ‘fair market value’ in order to determine if the price was inadequate. There is no doubt that the above-mentioned numbers could ‘shock the conscience.’ The Court, however, must consider whether the suggested market value of the property put forth by [Stephanie and Eva] authoritatively proves the ‘fair market value’ of the property at the time of the foreclosure sale. The Court concludes that such evidence is insufficient. First, evidence was not provided by [Stephanie and Eva] explaining or verifying the method used by the tax assessor’s office or Zillow.com to determine the suggested values. Does it include factors such as the size of the home or the number of rooms, or is it based exclusively on sales of properties immediately surrounding the property at issue?
“But even more troubling is the lack of information regarding the condition of the property at the time of the sale. [Stephanie and Eva] failed to provide the Court with either pictures or an affidavit of the condition of the property at that time. What if it was in a state of disrepair? [Stephanie and Eva] could not then reasonably contend that its fair market value would be the same as if it were in top condition.
“There are many factors that the Court must consider when determining a property’s fair market value. In doing so, the Court must require more evidence than a copy of the Jefferson County Tax Assessor’s market value or an online appraisal from Zillow.com. It is for this reason that [Stephanie and Eva] have failed to provide substantial evidence that, the purchase price by [Deutsche] Bank ‘shocks the conscience.’
“The Court therefore finds that there is no genuine issue of material fact and the plaintiff Deutsche Bank National Trust Company is entitled to a judgment as a matter of law. The following is hereby ORDERED:
“JUDGMENT is hereby entered in favor of [Deutsche Bank] and against [Stephanie and Eva]. [Deutsche Bank] is entitled to possession of the property sued for in the complaint....
*147 “A Writ of Possession may be issued to the Sheriff of Jefferson County, Alabama, for the execution of such writ.
“Because of the failure to deliver possession after having been given 10 days written notice by [Deutsche Bank], [Stephanie and Eva] have forfeited their right to redemption.”
Stephanie and Eva timely filed a post-judgment motion. On April 30, 2009, the trial court entered an order partially granting Stephanie and Eva’s post-judgment motion. In pertinent part, that order stated:
“Motion to Vacate or Modify by [Stephanie and Eva] is hereby GRANTED IN PART.
“The Final Order of March 6, 2009, is amended so as to further provide that, based on the undisputed fact that [Deutsche Bank] bought the property for an amount well below [Stephanie and Eva’s] indebtedness, [Deutsche Bank] is estopped and enjoined from hereafter seeking to recover any deficiency against either [Stephanie or Eva].
“As so amended, the Final Order stands.... ”
Upon the motion of Stephanie and Eva, the trial court stayed execution on its judgment pending resolution of an appeal. Stephanie and Eva then timely appealed to this court.
“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
Stephanie and Eva first argue that the trial court erred in entering a summary judgment in favor of Deutsche Bank because, they say, the foreclosure sale was invalid because, they say, Deutsche Bank breached the duty of fairness it owed Stephanie and Eva by selling the property to itself for $33,915 when the market value of the property was $84,800 according to the 2008 tax notice.
In Hawkins v. LaSalle Bank, N.A., 24 So.3d 1143, 1151 (Ala.Civ.App.2009), this court held that, when a plaintiff in an ejectment action claims title to the property by virtue of its having purchased the property at a foreclosure sale, the existence of a genuine issue of material fact regarding the validity of the foreclosure sale will preclude the entry of a summary judgment in favor of the plaintiff. Stephanie and Eva argue that they established the existence of a genuine issue of material fact .regarding the validity of the foreclo *148 sure sale on which Deutsche Bank bases its claim to title because, they say, they showed that the price realized at the foreclosure sale, i.e., $33,915 was so low in relation to the market value of the property as to shock the conscience. “ ‘ “The general rule is that, ‘where the price realized at the [foreclosure] sale is so inadequate as to shock the conscience, it may itself raise a presumption of fraud, trickery, unfairness, or culpable mismanagement, and therefore be sufficient ground for setting the sale aside.’ ” ’ ” Mt. Carmel Estates, Inc. v. Regions Bank, 853 So.2d 160, 168 (Ala.2002) (quoting Breen v. Baldwin County Fed. Sav. Bank, 567 So.2d 1329, 1333 (Ala.1990) quoting in turn Hayden v. Smith, 216 Ala. 428, 430-31, 113 So. 293, 295 (1927)).
Stephanie and Eva argue that their submitting the 2008 tax notice established the existence of a genuine issue of material fact with respect to the validity of the foreclosure sale because, they say, it indicates that the market value of the property was $84,800 when Deutsche Bank sold the property to itself for $33,915 at the foreclosure sale and, therefore, that the price realized at the foreclosure sale was so low in relation to the market value of the property as to shock the conscience. “ ‘[Generally the tax assessing authority’s evaluation is not relevant when offered to prove market value. The rationale underlying this general exclusionary rule is that “it is notorious that properties are not assessed at anything like true value or market value.” ’ ” Presley v. B.I.C. Constr., Inc., [Ms. 2080286, Sept. 4, 2009] — So.3d -, - (Ala.Civ.App.2009) (quoting 2 Charles W. Gamble, McElroy’s Alabama Evidence § 267.04 (5th ed.1996)). Moreover, Stephanie and Eva did not authenticate the 2008 tax notice as required by Rule 56(e), Ala. R. Civ. P. See Berry Mountain Mining Co. v. American Res. Ins. Co., 541 So.2d 4, 4-5 (Ala.1989). However, Deutsche Bank did not move the trial court to strike the 2008 tax notice.
“It is an established principle of appellate procedure in this State that the trial court can consider otherwise inadmissible evidence submitted in support of, or in opposition to, a motion for a summary judgment if the party against whom the evidence is offered does not object to the evidence by moving to strike it. Ex parte Elba Gen. Hosp. & Nursing Home, Inc., 828 So.2d 308 (Ala.2001); and Ex parte Diversey Corp., 742 So.2d 1250 (Ala.1999). The only exception to that rule recognized by this Court is that inadmissible evidence cannot be considered if to consider it would cause a ‘gross miscarriage of justice.’ Ex parte Elba Gen. Hosp. & Nursing Home, Inc., 828 So.2d at 313-14; and Ex parte Diversey Corp., 742 So.2d at 1253-54.”
Kelly v. Panther Creek Plantation, LLC, 934 So.2d 1049, 1053 (Ala.2006).
In the case now before us, the trial court considered the 2008 tax notice, and we do not perceive that the trial court’s consideration of the 2008 tax notice constituted a gross miscarriage of justice. See Ex parte Elba Gen. Hosp. & Nursing Home, Inc., 828 So.2d 308, 314 (Ala.2001). In Ex parte Elba General Hospital & Nursing Home, Inc., the supreme court reviewed a decision of this court reversing a summary judgment on the ground that the trial court’s consideration of a defective affidavit that the nonmovant had not moved to strike constituted a miscarriage of justice. Reversing this court’s decision, the supreme court stated:
“This Court has not found any reported decision, other than the decision now before us on certiorari review, in which an appellate court has reversed a trial court’s summary judgment because the appellate court found that the trial *149 court’s considering an unobjected-to defective affidavit constituted a ‘gross miscarriage of justice.’ Professor Wright supports his statement of the exception to the rule with citations to cases in which courts note the existence of the exception but decline to apply it. After reviewing the relevant caselaw and considering it in light of the facts of this case, this Court is not convinced that Alabama should be the first state whose courts accepted the proposition that using a defective affidavit in support of a motion for summary judgment caused a gross miscarriage of justice.”
828 So.2d at 314. Therefore, we conclude that Deutsche Bank waived the inadmissibility of the 2008 tax notice by failing to move to strike it. See Kelly v. Panther Creek Plantation, LLC, and Ex parte Elba Gen. Hosp. & Nursing Home, Inc.
Although the trial court considered the 2008 tax notice, it concluded that it did not constitute substantial evidence indicating that the market value of the property was $84,800 because Stephanie and Eva did not submit evidence indicating the method the tax assessor used in determining that the market value of the property was $84,800 and did not introduce evidence indicating the condition of the property when it was sold at the foreclosure sale. Lack of proof indicating that the tax assessor used an appropriate method for determining that the market value of the property was $84,800 and lack of evidence indicating that the property was in the same condition when it was sold as when the tax assessor determined that its market value was $84,800 would constitute grounds for objecting to the admissibility of the 2008 tax notice, see Presley v. B.I.C. Constr., Inc., supra, but Deutsche Bank waived those objections by failing to move to strike the 2008 tax notice. See Kelly v. Panther Creek Plantation, LLC, and Ex parte Elba Gen. Hosp. & Nursing Home, Inc.
“ ‘[Substantial evidence .is evidence of such weight' and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Dow v. Alabama Democratic Party, 897 So.2d at 1039 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). We conclude that fair-minded persons in the exercise of impartial judgment could reasonably infer from the 2008 tax notice that the market value of the property was $84,800 when Deutsche Bank sold the property to itself for $33,915 at the foreclosure sale. Accordingly, we conclude that the 2008 tax notice constituted substantial evidence establishing that fact for purposes of Deutsche Bank’s summary-judgment motion. If satisfactorily proven at trial, that fact would justify a determination that the foreclosure sale was invalid on the ground that the price realized at the foreclosure sale was so low in relation to the market value of the property as to shock the conscience, which would constitute an affirmative defense to Deutsche Bank’s ejectment claim. See Patterson v. Liberty Nat’l Life Ins. Co., 903 So.2d 769, 779 (Ala.2004) (“This Court has defined an affirmative defense as a defense that raises a new matter and that would be a defense even if the relevant allegations in the plaintiffs complaint were true. Bechtel v. Crown Cent. Petroleum Corp., 451 So.2d 793, 795 (Ala.1984).”); and Hawkins v. LaSalle Bank, 24 So.3d at 1151. In Hawkins u LaSalle Bank, we stated that satisfactory proof at trial of facts establishing that a foreclosure sale and the resulting foreclosure deed were invalid would deprive an ejectment-action plaintiff who based his or her claim to legal title to the property on the foreclosure deed from having the necessary standing to prosecute the ejectment action. 24 So.3d at 1151. We should have stated that such proof would consti *150 tute an affirmative defense to such a plaintiffs claim rather than stating that it would deprive the ejectmenDaction plaintiff of standing, because such a plaintiff has standing to maintain the ejectment action by virtue of being named as the grantee in the foreclosure deed. See Muller v. Seeds, 919 So.2d 1174, 1177 (Ala.2005) (recognizing that an ejectment-action plaintiff who bases his or her claim to legal title to the property on a foreclosure deed establishes a prima facie case of ejectment by introducing the mortgage, the foreclosure deed naming the plaintiff as the grantee, a written demand for possession, and evidence establishing that the defendant failed to surrender possession of the property within 10 days after receiving the written demand). Therefore, insofar as we stated in Hawkins v. LaSalle Bank that proof that the foreclosure sale and resulting foreclosure deed were invalid would deprive an ejectment-action plaintiff who bases his or her claim to legal title to the property on a foreclosure deed from having “standing” to maintain the ejectment action we hereby overrule Hawkins v. LaSalle.
Therefore, because Stephanie and Eva established the existence of a genuine issue of material fact with respect to an affirmative defense to Deutsche Bank’s ejectment claim, we reverse the summary judgment in favor of Deutsche Bank, and we remand the action for further proceedings. Because we are reversing on this ground, we decline to address Stephanie and Eva’s other arguments challenging the summary judgment.
APPLICATION GRANTED; OPINION OF MAY 14, 2010, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
PITTMAN, J., dissents, with writing.