MOORE, Judge,
concurring specially.
The record before this court indicates, without dispute, that BAC Home Loans Servicing, LP (“BAC”), did not have the authority to sell Bessie Sturdivant’s property (“the property”) through a nonjudicial foreclosure proceeding before December 1, 2009. Section 35-10-12, Ala.Code 1975, bestows that authority only to: (1) a person or entity owning a mortgage containing a specific grant of the power to sell; (2) a person or entity who has been conveyed, by assignment or otherwise, the right to the money secured by a mortgage containing a specific grant of the power to sell; or (3) the personal representative of either (1) or (2). Before December 1, 2009, Mortgage Electronic Registration Systems, Inc. (“MERS”), not BAC, owned the mortgage specifically granting the power of sale; MERS did not assign the mortgage to BAC until December 1, 2009, and BAC was not acting as MERS’s personal representative before December 1, 2009.
Despite the fact that BAC did not own the mortgage, BAC held itself out to Stur-divant as the “holder of the mortgage” with the power to conduct nonjudicial foreclosure proceedings. Thereafter, BAC, in the manner prescribed by § 35-10-13, Ala. Code 1975, published notice of the pending foreclosure sale in the Alabama Messenger. In that notice, BAC declared itself the owner of the mortgage pursuant to an assignment from MERS that had been recorded in the appropriate probate court. The record indicates that those representations were demonstrably false. In U.S. Bank National Ass’n v. Ibanez, 458 Mass. 637, 941 N.E.2d 40 (2011), the Supreme Judicial Court of Massachusetts, under similar circumstances, held:
“If the plaintiffs did not have their assignments to the [subject] mortgages at the time of the publication of the notices and the sales, they lacked authority to foreclose under [the applicable statutes] and their published claims to be the present holders of the mortgages were false.... Because an assignment of a mortgage is a transfer of legal title, it becomes effective with respect to the power of sale only on the transfer; it cannot become effective before the transfer.”
458 Mass at 653-54, 941 N.E.2d at 54. Ibanez supports the proposition that an *25 assignee lacks authority to sell property through nonjudicial foreclosure proceedings if the assignment has not been completed at the time of the publication of the notice of the sale, the event that commences those proceedings.
Section 35-10-12, Ala.Code 1975, provides, in pertinent part: “A conveyance of the lands sold under such power of sale to the purchaser at the sale may be executed by the mortgagee, their agents, attorneys or any person making the sale. Such conveyance vests the legal title of the lands sold under the power of sale....” It follows that, when a nonjudicial foreclosure sale is conducted by a party without “such power of sale,” any foreclosure deed executed by that party as a vendor does not “vest[ ] ... legal title of the lands sold.” In Hrovat v. Bingham, 341 S.W.2d 365 (Mo.Ct.App.1960), the Missouri Court of Appeals stated: “The general rule is that if the holder of the mortgage has no right or power to foreclose, then the sale under an attempted foreclosure is void and no title is conveyed....” 341 S.W.2d at 368. Other jurisdictions, in somewhat different factual contexts, have also held that any deed acquired by a purchaser from an unauthorized foreclosure sale is void ab initio. See, e.g., Cary v. Guiragossian, 270 Ga. 192, 508 S.E.2d 403 (1998); Lee v. HSBC Bank USA, N.A., 121 Haw. 287, 218 P.3d 775 (2009); Brown v. General Trading Co., 310 Mass. 263, 37 N.E.2d 987 (1941); and Henke v. First Southern Props., Inc., 586 S.W.2d 617 (Tex.Civ.App.1979). In so holding, the courts have distinguished cases involving unauthorized foreclosure sales from eases in which the seller had the power to conduct the nonjudicial foreclosure proceedings but failed to faithfully properly exercise that power in accordance with statutorily prescribed guidelines. See Hrovat, 341 S.W.2d at 368.
Applying the reasoning of those cases, BAC did not convey legal title to itself by virtue of the foreclosure deed it acquired following the December 1, 2009, nonjudicial foreclosure sale because it lacked authority to conduct that sale when it first published the notice of the sale. See generally Hess v. Hodges, 201 Ala. 309, 310, 78 So. 85, 86 (1918) (“One cannot be bona fide purchaser where his grantor did not have the legal title to convey.”). Under the circumstances, the foreclosure deed was void ab initio, i.e., it was as if it had never existed. See Simmons v. Ball, 68 So.3d 831 (Ala.2011) (nonmanager of limited-liability company lacked authority to convey company’s lands to himself, so that deed purporting to do so was completely void).
In order to maintain a cause of action for ejectment, a plaintiff must bring the action in the name of the “real owner” or the person “entitled to possession” of the property. See § 6-6-280(b), Ala.Code 1975. BAC filed the ejectment action in its own name; however, the foregoing undisputed facts show that BAC never acquired any legal or equitable interest in the property that would grant it the status of a “real owner” or a party holding a right to possession. In Cadle Co. v. Shabani, 950 So.2d 277, 279 (Ala.2006), the Alabama Supreme Court held that a plaintiff who did not have title ownership or a right to possession of the subject property did not have standing to assert an ejectment action and that the appellate court could, ex mero motu, take notice of the plaintiffs lack of standing and dismiss the appeal because the filing of the ejectment complaint had never invoked the subject-matter jurisdiction of the trial court. Although its reasoning has been heavily criticized, see Ex parte McKinney, 87 So.3d 502, 516 (Murdock, J., dissenting), Shaba-ni has not been overruled by our supreme *26 court, and it therefore remains binding on this court. See § 12-3-16, Ala.Code 1975.
In this case, Sturdivant argues on appeal that BAC was not authorized to conduct the foreclosure sale and that, therefore, its foreclosure deed purporting to convey the property to itself is void and will not support an ejectment action. BAC counters primarily that Sturdivant is belatedly raising an affirmative defense to the ejectment action that was not considered by the trial court and cannot now be considered by this court as a basis for reversing the summary judgment. Shabani treated the lack of title or right to possession not as an affirmative defense that could be waived, but as an issue of standing affecting the subject-matter jurisdiction of the trial court that could be noticed even ex mero motu on appeal without any argument from the parties on that issue. Although the facts in Shabani differ in the respect that The Cadle Company, the plaintiff in that case, never held any paper title to the subject property, its principle remains controlling in this ease because the paper title upon which BAC relies is absolutely void and, for all legal purposes, is to be treated as if it never existed. Hence, Sturdivant’s failure to argue BAC’s lack of standing to the trial court does not prevent this court from holding that BAC lacked standing.
In his dissent,' Judge Pittman argues that “when BAC commenced the ejectment action, it was prima facie the legal title holder because it produced a foreclosure deed, see Muller v. Seeds, 919 So.2d 1174, 1177 (Ala.2005).” 159 So.3d at 27 (Pittman, J., dissenting). In Muller v. Seeds, the supreme court noted that “Muller[, the plaintiff in the subject ejectment action,] purchased the property at the foreclosure sale; thus, legal title to Lot 3 vested in him, and he was entitled to take immediate possession.” 919 So.2d 1174, 1177 (Ala. 2005). A close review of the facts of that case shows, however, that no issue was raised as to the authorization of the party conducting the sale. The Seedses, the defendants to Muller’s ejectment action, merely argued that the sale itself had been conducted irregularly. As noted above, the law recognizes a material difference between an unauthorized foreclosure sale and an authorized foreclosure sale imperfectly performed, the latter allowing for a transfer of legal title, see Hrovat, supra, that, under Alabama law, may be attacked as voidable through an affirmative defense in an ejectment action. See Berry v. Deutsche Bank Nat’l Trust Co., 57 So.3d 142, 149-50 (Ala.Civ.App.2010).
This court failed to perceive that crucial distinction in Hawkins v. LaSalle Bank, N.A., 24 So.3d 1143 (Ala.Civ.App.2009), when we held that simple defects or irregularities in the nonjudicial foreclosure-sale proceedings, as opposed to the fundamental lack of authorization to conduct the foreclosure sale, affected the standing of the holder of the foreclosure deed in an ejectment action. In Berry, supra, this court overruled Hawkins to correct that error by holding that irregularities in an authorized foreclosure proceeding do not affect standing. In his dissent, Judge Pittman misconstrues Berry as more broadly holding that any defect in a nonjudicial foreclosure proceeding, including lack of authorization to bring the proceeding, must be raised as an affirmative defense. 159 So.3d at 29 (Pittman, J., dissenting).
Shabani was decided after Muller, and it essentially holds that an utter lack of legal title deprives a plaintiff of standing to prosecute an ejectment action. Because BAC never acquired any title to the property, much less legal title, BAC lacked standing to bring its ejectment action. As the supreme court held in Shabani, a plaintiffs lack of standing deprives a court *27 of subject-matter jurisdiction over the complaint and renders any action on that complaint void. The summary judgment entered by the trial court in this case must be vacated, and this appeal dismissed, because a void judgment will not support an appeal. Carey v. Howard, 950 So.2d 1131, 1137-38 (Ala.2006). I, therefore, concur in the main opinion.
THOMAS, J., concurs.