BRYAN, Judge,
dissenting.
In Sturdivant v. BAC Home Loans Servicing, LP, 159 So.3d 22 (Ala.Civ.App. 2011), BAC Home Loans Servicing, LP (“BAC”), brought an ejectment action against Bessie T. Sturdivant, seeking, among other things, possession of her house. BAC based its claim to title.to Sturdivant’s house on a foreclosure deed that had resulted from the foreclosure of a mortgage encumbering Sturdivant’s house. BAC had foreclosed the mortgage as the assignee of the mortgagee. The trial court entered a summary judgment in favor of BAC, and Sturdivant appealed. The main opinion in Sturdivant held that the foreclosure conducted by BAC and the foreclosure deed purporting to convey title to Sturdivant’s house to BAC were invalid because,BAC had not been assigned or succeeded to the interest of the mortgagee in the mortgage when BAC commenced the foreclosure proceedings. Moreover, relying on the supreme court’s decision in Cadle v. Shabani 950 So.2d 277 (Ala.2006), the main opinion held that, because the foreclosure and the foreclosure deed wefe invalid, BAC lackéd standing to prosecute its ejectment action, the trial court never acquired subject-matter jurisdiction over that action, and, therefore, the judgment of the trial court was void.
I dissented from the main opinion in Sturdivant because, in my opinion, Cadle was distinguishable on its facts from Stur-divant; in Cadle, the ejectment plaintiff did not have paper title to the property that was the subject of the ejectment action when it commenced its ejectment action, whereas BAC, the ejectment plaintiff in Sturdivant, did have paper title to the property that was the subject of the ejectment action when it commenced its ejectment action, ■ It was my opinion that Stur-divant was entitled to assert and prove that the paper title upon which BAC relied, i.e., the foreclosure deed, was invalid as an affirmative defense to BAC’s ejectment action but that Sturdivant’s successfully proving that BAC’s paper title was invalid did not deprive BAC of standing to bring the .ejectment action and did not justify the conclusion that the trial court had never- acquired subject-matter jurisdiction over the ejectment action. Moreover, because, in my opinion, proof that BAC’s paper title was invalid did not deprive BAC of standing or deprive the trial court of subject-matter jurisdiction over the ejectment action, I disagreed with the main opinion’s basing its decision on a ground that had not been argued to the trial court because of the well-established principle that an appellate court may not base a reversal of the trial court’s judgment on a ground that was not argued to the trial court. See Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988). As the supreme court explained in Smith:
“An appellee can defend the trial court’s ruling with an argument not raised below, for this Court ‘will affirm the judgment appealed from if supported on any valid legal ground.’ Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala.1983). There is a rather obvious fundamental difference in upholding the trial court’s judgment and reversing it; this Court will not reverse the trial court’s judgment on a ground raised for the first time on appeal, Costarides v. Miller, 374 So.2d 1335 (Ala.1979), even though it affirms judgments on bases not asserted in the trial court, Bank of the Southeast v. Koslin, 380 So.2d 826 (Ala.1980). This difference is predicated on the ‘long-standing, well-established rule that [in order to secure a reversal ] the appellant has an affirmative duty of *845 showing error upon the record.’ Tucker v. Nichols, supra, at 1264.”
537 So.2d at 465 (emphasis on “affirms” in original; other emphasis added).
In my opinion, Cadle is distinguishable from the case now before us for the same reason it was distinguishable from Sturdi-vant — the ejectment plaintiff in Cadle did not have paper title to the property when it commenced its ejectment action, whereas GMAC Mortgage, LLC (“GMAC Mortgage”), the ejectment plaintiff in the case now before us, did have paper title to Reginald A. Patterson and Diane V. Patterson’s house when it commenced its ejectment action. Therefore, consistent with my dissent in Sturdivant, I believe that, although the Pattersons were entitled to prove that GMAC’s foreclosure and foreclosure deed were invalid as an affirmative defense to GMAC Mortgage’s ejectment claim, proof that the foreclosure and .the foreclosure deed were invalid did not establish that GMAC Mortgage lacked standing to prosecute the ejectment action or that the trial court lacked subject-matter jurisdiction over the ejectment action. Consequently, in my opinion, the Patter-sons are subject to the long-standing principle that an appellate court may not base a reversal of the trial court’s judgment on a ground that was not argued to the trial court. See Smith. Although the Patter-sons argued to the trial court that the foreclosure and the foreclosure deed were not valid, they did not argue to the trial court that they were invalid on the ground that the mortgage had not been assigned to GMAC Mortgage when it commenced the foreclosure proceedings. Consequently, I dissent from the main opinion because it bases its decision on a ground that was not argued to the trial court. See Smith.