BRYAN, Judge,
concurring in the rationale in part and concurring in the result.
I agree that the summary judgment in favor of MorEquity, Inc. (“MorEquity”), is due to be reversed and the cause remanded because there was evidence establishing a genuine issue of material fact regarding whether MorEquity had been assigned the mortgage before it initiated the foreclosure proceedings. However, I disagree with the main opinion’s conclusion regarding the significance of that disputed factual issue. As indicated by my dissent in Sturdivant v. BAC Home Loans Servicing, LP, [Ms. 2100245, Dec. 16, 2011] — So.3d — (Ala.Civ.App.2011), I am of the opinion that, when an ejectment-action plaintiff bases his or her claim to legal title to the property on a foreclosure deed, evidence tending to prove that the foreclosing party had not been assigned the mortgage before he or she initiated the foreclosure proceedings does not implicate the ejectment-action plaintiffs standing to bring the ejectment action. Rather, such evidence tends to prove an affirmative defense to the ejectment-action plaintiffs claim. See Berry v. Deutsche Bank Nat’l Trust Co., 57 So.3d 142, 149-50 (Ala.Civ.App.2010) (holding that, when an ejectment-action plaintiff bases his or her claim to legal title on a foreclosure deed, evidence tending to prove that the foreclosure sale and resulting foreclosure deed were invalid tends to prove an affirmative defense to the ejectment claim rather than tending to prove that the ejectment-action plaintiff lacked standing to bring the ejectment action). Thus, in the present case, I am of the opinion that the evidence tending to prove that MorEquity had not been assigned the mortgage before it initiated the foreclosure proceedings established the existence of a genuine issue of material fact with respect to Stephen A. Byrd and Cynthia B. Byrd’s affirmative defense asserting that MorEquity was not entitled to prevail on its ejectment claim because, they said, the foreclosure was invalid, but it did not establish a genuine issue of material fact with respect to MorEquity’s standing to bring the ejectment action.