BRYAN, Judge,
dissenting.
Consistent with my dissent in Sturdivant v. BAC Home Loans Servicing, LP, [Ms. 2100245, Dec. 16, 2011] — So.3d —, — (Ala.Civ.App.2011), I am of the opinion that the existence of a genuine issue of material fact regarding whether the foreclosure sale was conducted by a ■party who had authority to do so establishes a genuine issue of material fact regarding the affirmative defense asserted by Frank Smith, Jr. (“Frank”), that the Secretary of Veterans Affairs, an officer of the United States of America (“the Secretary”), is not entitled to prevail on his ejectment claim because the foreclosure was not valid, but it does not implicate the Secretary’s standing to bring this ejectment action. See Berry v. Deutsche Bank Nat’l Trust Co., 57 So.3d 142, 149-50 (Ala.Civ.App.2010) (holding that, when an ejectment-action plaintiff bases his or her claim to legal title on a foreclosure deed, evidence tending to prove that the foreclosure sale and resulting foreclosure deed were invalid tends to prove an affirmative defense to the ejectment claim rather than tending to prove that the ejectment-action plaintiff lacked standing to bring the ejectment action). Because, in my opinion, the argument upon which the main opinion bases its reversal of the trial court’s judgment does not implicate the Secretary’s *788 standing, and because Frank did not present that argument to the trial court, I dissent from the main opinion because it bases its reversal of the trial court’s judgment on an argument that Frank waived by failing to present it to the trial court. See Ex parte Ryals, 773 So.2d 1011, 1013 (Ala.2000) (“[T]he appellate court can consider an argument against the validity of a summary judgment only to the extent that the record on appeal contains material from the trial court record presenting that argument to the trial court before or at the time of submission of the motion for summary judgment. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992).”).
PITTMAN, J., concurs.