PITTMAN, Judge,
dissenting.
Standing is determined at the commencement of an action. Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008). Unlike the ejectment plaintiff in Cadle Co. v. Shabani, 950 So.2d 277 (Ala.2006), who had no paper title to the property, when Fannie Mae commenced the ejectment action, it was prima facie the legal title holder because it produced a special warranty deed. See Muller v. Seeds, 919 So.2d 1174, 1177 (Ala.2005).
Nevertheless, in support of its summary-judgment motion, Fannie Mae failed to present any evidence indicating that Flagstar was the holder of the note before MERS, as nominee for Flagstar, initiated foreclosure proceedings. Fannie Mae’s failure of proof presents a classic example of a party’s inability to prove the allegations of its complaint, not a question of standing. See Byrd v. MorEquity, Inc., 94 So.3d 378, 383 (Ala.Civ.App.2012) (Pittman, J., concurring in the result).
Because the Nelsons did not argue to the trial court the ground made the basis of the main opinion’s vacation of the judg *781 ment and dismissal of the appeal, the trial court’s judgment is due to be affirmed. The Nelsons did not refute Fannie Mae’s flawed theory that it was entitled to recover because Flagstar was Global’s “assign-ee,” and the trial court relied on that theory in entering the judgment for Fannie Mae.
I would affirm the trial court’s judgment because this court will not hold a trial court in error on an issue or argument that the parties did not present to the trial court. See Ex parte Ryals, 773 So.2d 1011,1013 (Ala.2000).
BRYAN, J., concurs.