PATRICK MOHAN vs. EDSON R. SMITH, and others, impleaded, etc.

March 6, 1883.

**Execution Sale of Parcel of Land including a Homestead.**—A sheriff's sale of lands on execution, in which he sells as one parcel, for one gross sum, a homestead and other lands not exempt, is void as to the whole of the lands so sold.

Appeal by defendants Smith and Doran (impleaded with the sheriff, Patrick Bray, as to whom the suit was dismissed before trial,) from a judgment of the district court for Sibley county, *Macdonald,* J., presiding.

*S. & O. Kipp,* for appellants.

The plaintiff having selected the north 80 acres as his homestead, the sale is valid as to the south 80. Respondent is not injured by having to pay the whole amount bid for both, in order to redeem this tract; the higher price thus obtained for this 80, the better for the respondent. *Pittsfield Bank* v. *Howk,* 4 Allen, 347; *Castle* v. *Palmer,* 6 Allen, 401; *Swan* v. *Stevens,* 99 Mass. 7; *Bemis* v. *Driscoll,* 101 Mass. 418; *Abbott* v. *Cromartie,* 72 N. C. 292; *Bennett* v. *Child,* 19 Wis. 362.

*G. D. Emery,* for respondent.

GILFILLAN, C. J. This is an action to clear off the cloud created by a sheriff's certificate of sale of certain lands on execution. The land was sold in two parcels. Of the validity of the sale of the second parcel no question is made. The first parcel consisted of two 80-acre tracts, and the sale was for one gross sum. Upon one of these 80-acre tracts was the dwelling of plaintiff, occupied by him and his family as their home, and the eighty was claimed by him as his homestead, of which claim he notified the sheriff immediately after the levy and before the sale.

That the sale was void as to the homestead is not denied. But it is claimed that it was valid as to the non-exempt eighty sold in one parcel with it. The same question was raised in *Ferguson* v. *Kumler,* 27 Minn. 156; but as there were no *data* in the record to sep-

arate the exempt from the non-exempt land, the court did not decide it. It is here squarely presented, and we do not hesitate in deciding that the sale was void, not only as to the exempt, but as to the non-exempt eighty. One reason why it ought to be so decided is that to allow such a sale to stand as to any of the land included in the parcel so sold would be likely to embarrass or burden a judgment debtor in the exercise of his statutory right of redemption. That right could not be exercised without paying the entire sum bid, although a portion, and in some instances, perhaps, a greater portion of such sum may have been bid on account of the exempt land. He would have to do this or forego his right of redemption, and so lose the non-exempt land sold. To hold the sale valid as to any of the land would, in effect, so far as the right of redemption is concerned, make it valid as to the homestead, for the debtor would have to redeem the homestead in order to redeem the other. It would be to that extent an evasion of the statute allowing the exemption.

Judgment affirmed.