(117 So. 67)

### KELLY v. CARMICHAEL. (6 Div. 24.)

Supreme Court of Alabama. March 29, 1928.

Rehearing Denied May 17, 1928.

**1. Equity ☞277—Demurrers to bill as last amended as whole only will be considered where demurrers theretofore filed were refiled.**

Where on filing of twice amended bill of complaint defendant refiled demurrers theretofore filed to original bill and bill as first amended, court will consider only the demurrers to the bill as last amended as a whole.

**2. Equity ☞232—Demurrer to whole bill objecting to one claim for relief, when more than one is asserted, is not well taken.**

A demurrer to the whole bill specifying grounds of objection to one claim for relief, when more than one is asserted, is not well taken.

**3. Equity ☞232—Sustaining demurrer to bill as a whole is error, if any one of bill's aspects presents case for equitable relief.**

If bill presents case for equitable relief in any one of its aspects, treating amendable defects pro hac vice, as amended, it is error to sustain demurrer to whole bill specifying ground of objection to one claim for relief unless grounds that go to bill as a whole were well taken.

**4. Equity ☞148(3)—Bill seeking to set aside irregular foreclosure of mortgage and, in alternative, statutory redemption, is not multifarious.**

Bill seeking to avoid alleged irregular foreclosures of mortgages made in pursuance of power of sale, and, in the alternative, asserting statutory right of redemption, is not subject to objection of multifariousness.

**5. Equity ☞241—Defects in form are disregarded in considering sufficiency of bill as against general demurrer.**

General demurrer for want of equity goes to substance of case presented, and mere defects of form which must be pointed out by specific grounds of demurrer are to be disregarded in considering sufficiency of bill as against general demurrer.

**6. Mortgages ☞360—Donee of power of sale in mortgage is charged as quasi trustee with duty of fairness in its execution (Code 1923, § 9010).**

Under Code 1923, § 9010, the power of sale in mortgage is not only a power coupled with an interest, but donee of power is charged as a quasi trustee with duty of fairness and good faith in its execution, to the end that mortgagor's property may be disposed of to his pecuniary advantage in satisfaction of his debts.

**7. Mortgages ☞340—Right to receive money secured by mortgage is test of assignee's right to exercise power of sale under statute.**

The clear test of the right of an assignee of the mortgage to exercise the power of sale under the statute is that such assignee is entitled to receive money secured by the mortgage.

**8. Pledges ☞58(1)—Pledgee of mortgage and debt thereby secured has right of foreclosure under power of sale.**

A pledge of a mortgage and debt thereby secured, in absence of statute prohibiting its exercise, vests in pledgee right of foreclosure under power of sale.

**9. Mortgages ☞340—Foreclosure under power of sale by one who had pledged mortgage and note to another is irregular and voidable, if not void.**

A foreclosure under power of sale by assignee who had pledged mortgage and note and debt thereby secured to another is, on direct attack in court of equity, irregular and voidable, if not void.

**10. Mortgages ☞358—Sale of mortgaged property in parcels rather than en masse is conducive to better price and enables mortgagor to redeem portion of property.**

The reason of rule requiring mortgaged property which is in separate parcels to be first offered for sale in parcels rather than en masse is that sale in parcels is conducive to better price and enables mortgagor to redeem some of property without being compelled to redeem it all.

**11. Mortgages ☞358—Sale of mortgaged property in parcels is required, where property is separated by natural boundaries, by way it is platted, or by fact that parcels are not contiguous.**

Rule requiring mortgaged property to be first offered in parcels rather than en masse applies where property is separated into several distinct tracts or lots, either by natural boundaries, by the way in which it is platted or laid out, or by the fact that parcels are not contiguous.

**12. Mortgages ☞358—Requirement of sale of mortgaged property in parcels inures to grantee of mortgagor.**

Requirement that mortgaged property to be first offered for sale in parcels rather than en masse inures to the benefit of a party who has acquired right by conveyance from mortgagor.

**13. Mortgages ☞358—Rule that mortgagee may ordinarily sell property as described in mortgage is inapplicable, where property had been platted as subdivision, which platting was recognized by mortgage itself.**

General rule that mortgagee may sell property as described in mortgage is not applicable, where long before mortgage was taken property was platted as a subdivision and such platting recognized by mortgage itself, and mortgage was prepared by mortgagee or his agent in disregard of survey and to probable embarrassment of persons interested.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

14. Mortgages ⏁369(7)—Bill to set aside irregular foreclosure of mortgage and in alternative for redemption held sufficient as against general demurrer.

Bill to set aside an alleged irregular foreclosure of a mortgage and in the alternative for redemption under the statute, alleging that prior to execution of mortgage owner platted property as a subdivision, and that respondent with knowledge thereof followed description of property in mortgage, in abuse of trust incident to power of foreclosure, and caused property to be sold en masse for an inadequate price, and that respondent at time of foreclosure was not owner of mortgage debt, *held* sufficient as against general demurrer.

15. Mortgages ⏁369(7)—Bill held to show clear equity in complainant to have mortgaged property subjected to foreclosure sale in inverse order of its alienation (Code 1923, § 7831).

As against general demurrer for want of equity, bill showing that conveyance to complainant and to another by the mortgagor were made in settlement or satisfaction of grantees' respective interests as stockholders in mortgagor corporation, and that such other was recipient of money and property for which mortgage was given, *held*, under Code 1923, § 7831, to show a clear equity in complainant to have property subjected to foreclosure sale in inverse order of its alienation.

16. Parties ⏁91—Misjoinder of parties can only be raised by party improperly joined.

Alleged misjoinder of parties in bill can only be raised by the party who is improperly joined.

17. Mortgages ⏁605—Response to demand to redeem from foreclosure sale held not such denial of complainant's right as relieved her of tendering amount necessary to redeem (Code 1923, § 10144).

Response under Code 1923, § 10144, to complainant's demand for right to redeem from foreclosure sale, "I know nothing whatever of your right to redeem; * * * I am not willing for you or any one else to redeem property unless you are legally entitled to do so," *held* not such a denial of complainant's right as to relieve her of necessity of tendering amount necessary to redeem as prerequisite to the right.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Leona B. Kelly against W. M. Carmichael and others to set aside a mortgage foreclosure and to redeem. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and remanded.

W. H. Smith, of Birmingham, for appellant.

A bill may be filed in several aspects—one to set aside a foreclosure sale for irregularities, and another to exercise the statutory right of redemption. Code 1923, § 6526; Dozier v. Farrior, 187 Ala. 181, 65 So. 364;

Stewart v. Snider, 197 Ala. 129, 72 So. 409.; Marsh v. Bank, 207 Ala. 553, 93 So. 604; Robinson v. Bice, 206 Ala. 546, 90 So. 307. A bill should not be dismissed on sustaining demurrer if any phase of it could be amended so as to give it equity. Vaughan v. Vaughan, 180 Ala. 216, 60 So. 872; Singo v. Brainard, 173 Ala. 64, 55 So. 603; Lamb v. Jeffrey, 41 Mich. 719, 3 N. W. 204. Where mortgaged property has been divided up into blocks, lots, streets, and avenues, a sale under the power should follow the description as shown by the map. Where sale is in bulk and price is inadequate, it may be set aside. Mahone v. Williams, 39 Ala. 202; Bank v. Dunnavant, 204 Ala. 636, 87 So. 105; Barclay v. Boyd, 211 Ala. 50, 99 So. 196; Dozier v. Farrior, 187 Ala. 181, 65 So. 364; Demopolis v. Webb, 87 Ala. 659, 6 So. 408; Highland Co. v. Avondale Co., 174 Ala. 326, 56 So. 716; Cabbell v. Williams, 127 Ala. 320, 28 So. 405. A mortgage foreclosure sale is irregular, and may be set aside if not made in the inverse order of conveyances made by the grantor. Aderholt v. Henry, 87 Ala. 415, 6 So. 625, 6 L. R. A. 451; Interstate Co. v. Logan, 196 Ala. 205, 72 So. 36; M. M. D. & I. Co. v. Huder, 35 Ala. 713. Foreclosure by one as mortgagee who did not own the debt and mortgage at the time of foreclosure is void. Code 1923, § 6010; McGuire v. Van Pelt, 55 Ala. 344. Failure to furnish written statement on demand, or furnishing erroneous statement, gives right to redeem without tender. Code 1923, § 10144; Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Gay v. Taylor, 214 Ala. 659, 108 So. 853; 2 Jones on Mortgages, § 1096; Root v. Johnson, 99 Ala. 90, 10 So. 293; Francis v. White, 160 Ala. 526, 49 So. 334. An offer to do equity is sufficient. Code 1923, § 10147. A party having an undivided interest in land can exercise statutory right to redeem. A tenant in common can redeem the whole interest. Francis v. White, 166 Ala. 409, 52 So. 349; Cowley v. Shields, 180 Ala. 48, 60 So. 267; Jones v. Matkin, 118 Ala. 341, 24 So. 242; Williams v. Massie, 212 Ala. 389, 102 So. 611; Russell v. Bell, 160 Ala. 480, 49 So. 314.

Howze & Brown, of Birmingham, for appellee.

In actions for redemption, the amount necessary to redeem must be paid into court, although tender has been made and refused. Daughdrill v. Sweeney, 41 Ala. 310; Long v. Slade, 121 Ala. 267, 26 So. 31; Given v. Troxel (Ala. Sup.) 39 So. 578; Lacy v. Fowler, 206 Ala. 679, 91 So. 593. Where mortgage gives mortgagee right to purchase at foreclosure sale, if mortgage is assigned, this right inures to the benefit of the assignee. Ward v. Ward, 108 Ala. 278, 19 So. 354. In order to set aside foreclosure sale for selling property en masse instead of by lots, the lands must be distinctly marked for separate and distinct enjoy-

ment, and the property must bring a grossly inadequate price. Dozier v. Farrior, 187 Ala. 181, 65 So. 364; Mahone v. Williams, 39 Ala. 202; Bank v. Dunnavant, 204 Ala. 636, 87 So. 105. Unless the last purchaser took with notice of the prior sales, the portion last sold cannot be applied in satisfaction of the mortgage in exoneration of the portions first sold. Interstate L. & I. Co. v. Logan, 196 Ala. 196, 72 So. 36. Where party fails to ask leave to amend, the court is not in error in dismissing the bill. Cooper v. Brown & Sons, 214 Ala. 400, 108 So. 20; East v. East, 80 Ala. 199; Ward v. Birmingham W. W., 152 Ala. 285, 44 So. 570.

BROWN, J. This is a bill by the appellant seeking to set aside an alleged irregular foreclosure of a mortgage, and, in the alternative, for redemption under the statute. The mortgage in question is a second mortgage on the property involved, executed by the Oxmoor Heights Company, a corporation, to one Steed, to secure an alleged indebtedness of $12,000, and was transferred and assigned to the respondent, Carmichael, who foreclosed as such assignee, under the power of sale embodied in the mortgage, and became the purchaser at such sale.

The complainant asserts her right to maintain the bill as a grantee of the mortgagor under a deed conveying to her a one-fifth undivided interest in a certain part of the property, made subject to the two existing mortgages, the other being held by the Mountain Top Land Company, and, so far as appears, is outstanding and unforeclosed.

The complainant's contention that the foreclosure sale is irregular and subject to be set aside is rested on two theories: First, that long prior to the execution of the mortgage to Steed, the Oxmoor Heights Company, then the owner of the lands, laid out, surveyed, and platted all of said property, except a certain specifically described tract located in the W. ½ of the S. W. ¼ of section 34, township 18, range 3 west, in lots, blocks, streets, and avenues as a subdivision, and caused a map showing such subdivision to be recorded in the office of the judge of probate of Jefferson county, and it has remained so platted without any steps being taken to revoke the survey up until the filing of the bill; that the respondent, Carmichael, with knowledge of these facts, following the description of the property in the mortgage, in abuse of the trust incident to the power of foreclosure, caused the property to be sold en masse and the price at which he purchased was inadequate to the value of the property, to complainant's detriment. Second, that after Carmichael acquired the mortgage and notes and the debt secured thereby, he parted with his interest, and at the time of such foreclosure he was not the owner of said mortgage debt. As pertinent to this aspect of the bill, complainant further claims, to state the aver-

ments in substance, that the debt secured by said mortgages is due from the respondent Allen, who received the money and property for which said mortgages were given; that Allen owns, subject to said mortgages, the other four-fifths interest in the property in which complainant is interested, and the entire interest in the other property covered by said mortgages; that said interest of Allen was conveyed by the Oxmoor Company to Allen's wife, subsequent to the grant to complainant; and that Allen has since acquired the interest of his wife, through her death. The bill prays that in the event foreclosure is set aside, that the property be subjected to the satisfaction of said mortgagor's debts in the inverse order of its alienation, so as to exhaust Allen's interest before subjecting complainant's interest.

The other aspect of the bill—that asserting the right to redeem under the statute—undertakes to relieve the complainant of the statutory duty of tendering the amount necessary to redeem as a prerequisite to the right, by averring that with the statement furnished to complainant in response to her written demand under section 10144 of the Code (1923), Carmichael denied her right to redeem.

The respondent Carmichael, appellee here, filed demurrers to the original bill, to each and every aspect thereof, to each paragraph, and to each aspect of each paragraph, separately and severally. After some minor amendments all of the grounds of the original demurrer, together with many additional grounds, were, in like form, addressed to the bill as amended, its several aspects, etc., and upon submission on these demurrers, the court sustained the demurrer "to the bill of complaint," with leave to amend. After amendments were filed to the bill as first amended, appellee refiled his demurrers to the bill in the following form:

"Now comes W. M. Carmichael and refiles to the bill as last amended the demurrers heretofore filed to the original bill and the bill as first amended."

On submission on these demurrers the court entered a decree sustaining the demurrers "to the bill of complaint as last amended," and, being "of the opinion that the bill of complaint cannot be amended so as to give it equity," dismissed the cause at the cost of complainant.

[1] This statement as to the condition of the record, in the light of the authorities, clearly indicates that the court only considered—and we think properly so in view of the last paper filed by appellee—the demurrers to the bill as last amended as a whole. Sandlin et al. v. Anders et al., 210 Ala. 396, 98 So. 299; Oden v. King, 216 Ala. 504, 113 So. 609; Hardie-Tynes Mfg. Co. v. Cruise et al., 189 Ala. 66, 66 So. 657; Macke v. Macke, 200 Ala. 260, 76 So. 26.

[2, 3] It is a familiar rule of equity plead-

ing that a demurrer to the whole bill specifying grounds of objection to one claim for relief, when more than one is asserted, is not well taken. Lea v. Iron Belt Mercantile Co., 119 Ala. 271, 24 So. 28. Therefore, if the bill presents a case for equitable relief in any one of its aspects, treating amendable defects pro hac vice, as amended, it was error to sustain the demurrer unless grounds that go to the bill as a whole were well taken. Nelson et al. v. Wadsworth et al., 171 Ala. 603, 55 So. 120; Sewell v. Walkley et al., 198 Ala. 152, 73 So. 422; Gillespie et al. v. Gibbs et al., 147 Ala. 449, 41 So. 868.

The only grounds of demurrer, appropriately assigned to the bill as a whole, as originally filed and as amended, are those that question its sufficiency for multifariousness, for want of equity, and misjoinder of parties.

[4] Since the enactment of the statute providing that "a bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction, or relating to the same property between the same parties," this court has uniformly ruled that bills seeking to avoid alleged irregular foreclosures of mortgages made in pursuance of the power of sale, and in the alternative asserting the statutory right of redemption, are not subject to the objection of multifariousness. Dozier v. Farrior, 187 Ala. 181, 65 So. 364. And even before the enactment of the statute such was the rule. Adams v. Sayre, 70 Ala. 318.

[5] The general demurrer for want of equity goes to the substance of the case presented, and mere defects of form which must be pointed out by·specific grounds of demurrer are to be disregarded in considering the sufficiency of the bill as against the general demurrer. McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268, 59 So. 567; House and Lot v. State ex rel. Patterson et al., 204 Ala. 108, 85 So. 382, 10 A. L. R. 1589; Seeberg v. Norville, 204 Ala. 20, 85 So. 505.

[6] The power of sale in a mortgage is not only a power complied with an interest, but it is quickened with an element of trust, "and the donee of the power is charged as a quasi trustee with the duty of fairness and good faith in its execution, to the end that the mortgagor's property may be disposed of to his pecuniary advantage in the satisfaction of his debt." Harmon v. Dothan Bank, 186 Ala. 360, 64 So. 621; Dozier v. Farrior, 187 Ala. 181, 65 So. 364; Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; Ward et al. v. Ward et al., 108 Ala. 278, 19 So. 354; Code of 1923, § 9010.

The statute provides:

"Where a power to sell lands is given to the grantee in any mortgage, or other conveyance intended to secure the payment of money, the power is part of the security, and may be executed by any person, or the personal representative of any person, who, by assignment *or* *otherwise, becomes entitled to the money thus secured;* and a conveyance of the lands sold under such power of sale to the purchaser at the sale, executed by the mortgagee, any assignee or other person *entitled to the money* thus secured, his agent or attorney, or the auctioneer making the sale, vests the legal title thereto in such purchaser," etc. Code of 1923, § 9010.

The mortgagor, or those standing in his shoes, to whom the equity of redemption has been conveyed by the mortgagor, has the undoubted right to pay the mortgage debt and lawful charges incurred incident to a proceeding to foreclose at any time before the foreclosure is perfected, and this right would be greatly embarrassed, if not entirely destroyed, if one who has a mere contingent interest in the debt, and who has not a present right to receive the payment and discharge the mortgage, can exercise the power of foreclosure, and this is especially true where the mortgage and the debt thereby secured has been pledged to some person unknown to the mortgagor.

[7] The clear test of the right of an assignee of the mortgage to exercise the power of sale under the statute is that such assignee is entitled to receive the money secured by the mortgage. Wildsmith v. Tracy et al., 80 Ala. 258; Harton v. Little et al., 176 Ala. 267, 57 So. 851; Johnson v. Beard, 93 Ala. 96, 9 So. 535.

[8] The authorities are uniform in holding that a pledge of a mortgage and the debt thereby secured as collateral security, in the absence of a statute prohibiting its exercise, vests in the pledgee the right of foreclosure under the power of sale, although the assignment may not transfer the legal title to the property. In such case the interest of the pledgor is contingent upon his redemption of the pledge. The pledgee in such circumstances represents not only his own interest, but that of the pledgor. 19 R. C. L. § 322, p. 522, section 391, p. 578; 21 R. C. L. 666, § 29; Langley v. Andrews, Adm'r, etc., 132 Ala. 147, 31 So. 469; Federal L. Bank of N. O. v. Branscomb, 213 Ala. 567, 105 So. 585; Lunsford v. Marx, 212 Ala. 144, 102 So. 110; Hartley v. Matthews, 96 Ala. 224, 11 So. 452.

[9] The effect and substance of the averments of the bill as last amended, as to Carmichael's ownership of the mortgage and the debt thereby secured, at the time of the foreclosure, are that Carmichael, before the foreclosure, pledged the mortgage and note, and the debt thereby secured, to another, and that this pledge was outstanding at the time of the alleged foreclosure, and deprived Carmichael of the right to foreclose. Such foreclosure on direct attack in a court of equity is irregular and voidable, if not void. Wiltsie on Mortg. Foreclosure (4th Ed.) § 297.

[10-12] The reason of the rule requiring property covered by a mortgage or lien which is in "separate parcels, distinctly marked for

separate and distinct enjoyment," to be first offered for sale in parcels rather than en masse, is that a sale in parcels or lots opens a field to a greater number of bidders, is conducive to a better price, and "tends to prevent odious speculation upon the distress of the debtor," and enables him to redeem some of the property without being compelled to redeem it all. Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; Power v. Larabee, 3 N. D. 503, 57 N. W. 789, 44 Am. St. Rep. 577; Woods v. Monell et al., 1 Johns. Ch. (N. Y.) 502; Mohan v. Smith, 30 Minn. 259, 15 N. W. 118. And this rule applies "where the property covered by the mortgage is separated into several distinct tracts or lots, either by natural boundaries, by the way in which it is platted or laid out, or by the fact that the parcels are not contiguous," (41 C. J. 973, § 1421), and inures to the benefit of a party who has acquired rights in subordination to the mortgage by a conveyance from the debtor (Brock et al. v. Berry, 132 Ala. 95, 31 So. 517, 90 Am. St. Rep. 896).

[13] We recognize the general rule that the mortgagee, or those standing in his right, ordinarily, may sell the property as described in the mortgage. 41 C. J. 973, § 1412. Yet, when, as here, it appears that long before the mortgage was taken the property was platted and laid out as a subdivision into lots, blocks, streets, and avenues, and such platting is recognized by the mortgage itself by excepting from the description certain of the lots according to the survey, which if sold to third parties resulted in a dedication of the streets and avenues, and the mortgage was prepared by the mortgagee or his agent in disregard of the survey, and to the probable embarrassment of persons interested, this general rule should not be applied. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716.

[14] We are of opinion and hold that the averments of the bill, though they may be subject to specific objections, are sufficient as against the general demurrer and are sufficient to bring the case within the limitations of the rule indicated in Dozier v. Farrior, 187 Ala. 181, 65 So. 364.

In what we have said we do not mean to lay down a binding rule that each lot in the subdivision shall be sold separately; but, if the complainant succeeds in establishing her right to relief, the final decree should be so moulded as to preserve her equities, and at the same time not unduly embarrass the right of the holder of the mortgage to foreclose. The separate tract of land not embraced in the subdivision should be separately sold, and the property located in the subdivision may be sold, so as to preserve the dedicated streets and avenues, in separate lots or in blocks, depending upon their location and value, as may appear to the court to be to the best interest of all parties concerned.

[15] In considering the general demurrer for want of equity, and disregarding amendable defects appearing on the face of the bill, we think it may well be assumed that the conveyance to complainant and that to Mrs. Allen, at the instance of Allen, by the Oxmoor Company, were made in settlement or satisfaction of their respective interests as stockholders in the corporation, and if as charged in the bill Allen was the recipient of the money and property for which the mortgage was given, and is primarily liable, and, in the event the foreclosure is set aside, complainant shows a clear equity to have the property subjected to sale in the inverse order of its alienation. Code of 1923, § 7831. Shields et al. v. Hightower et al., 214 Ala. 608. 108 So. 525, 47 A. L. R. 506; Northwestern Land Ass'n et al. v. Harris, 114 Ala. 468, 21 So. 999; 18 R. C. L. 459, § 7; Carter v. Tanners' Leather Co., 196 Mass. 163, 81 N. E. 902, 12 L. R. A. (N. S.) 965.

[16] The only other ground of demurrer that goes to the bill as a whole is that of misjoinder of parties, and that can only be raised by the party who is improperly joined. Worthington v. Miller, 134 Ala. 420, 32 So. 748.

[17] The statute, section 10144 of the Code, does not require that the statement of the "debt and lawful charges" claimed by the purchaser, etc., shall be signed, and we are not of opinion that the statement embodied in Carmichael's response to complainant's demand, "I know nothing whatever of your right to redeem, and I am furnishing this statement solely for your information, as I am not willing for you or any one else to redeem the property unless you are legally entitled to do so," is such a denial of her right as relieved her of the necessity of making tender.

The foregoing is sufficient to indicate that we are of opinion that the learned trial court fell into error in sustaining the demurrer to the bill as last amended, as a whole, and dismissing the bill.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.