THOMPSON, Presiding Judge,
concurring in the result.
Reginald A. Patterson and Diane V. Patterson executed a mortgage, secured by their house, to Option One Mortgage Corporation on January 25, 2006, and they later defaulted on the mortgage. GMAC Mortgage, LLC, initiated foreclosure proceedings, and, in May 2007, GMAC began publishing notice of its intent to conduct a foreclosure sale. On August 6, 2007, Option One assigned the mortgage to GMAC, and the next day, August 7, 2007, GMAC conducted the foreclosure sale and purchased the property at that sale. Also on August 7, 2007, GMAC sent the Pattersons a letter demanding possession of the property.
In their brief on appeal, the Pattersons argue, among other things, that GMAC failed to demonstrate proof of a valid foreclosure. Specifically, the Pattersons argue, as they did before the trial court, that GMAC, which first obtained an interest in the property the day before it conducted its foreclosure sale, did not have an inter *843 est in the property at the time it initiated the foreclosure process and that one without an interest in a mortgage may not institute foreclosure proceedings. In support of those arguments, the Pattersons cite § 6-6-280, Ala.Code 1975; Steele v. Federal Nat’l Mortgage Ass’n, 69 So.3d 89, 93 (Ala.2010) (“[Section 6-6-280(b) ] unambiguously states that a complaint seeking ejectment ‘is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same.’ ”); MacMillan Bloedell, Inc. v. Ezell, 475 So.2d 493 (Ala.1985); Kelly v. Carmichael, 217 Ala. 534, 117 So. 67 (1928); and Berry v. Deutsche Bank Nat’l Trust Co., 57 So.3d 142 (Ala.Civ.App.2010).
While the Pattersons’ appeal was pending in this court, this court decided Sturdivant v. BAC Home Loans Servicing, LP, 159 So.3d 15 (Ala.Civ.App.2011). In Sturdivant, supra, this court considered an appeal from á summary judgment proceeding in which the record demonstrated that in September 2009 BAC Home Loans Servicing, LP, had initiated foreclosure proceedings with regard to a mortgage Bessie T. Sturdivant had executed and that was secured by Sturdivant’s house. BAC Home Loans conducted a foreclosure sale on December 1, 2009, and, also on December 1, 2009, it received an assignment from the holder of the mortgage on Sturdivant’s property. BAC Home Loans, relying on the deed it received as a result of the December 1, 2009, foreclosure sale, sought to eject Sturdivant from the property. This court noted that in order to demonstrate a prima facie case in support of its claim in ejectment, BAC Home Loans was required to show, among other things, that it had legal title to the property. Sturdivant v. BAC Home Loans Servicing, LP, 159 So.3d at 27 (citing § 6-6-280(b), Ala. Code 1975). In that case, BAC Home Loans claimed that it had legal title by virtue of the deed it had received after it had conducted the foreclosure sale. Article 1 of Title 35, Chapter 10, Ala.Code 1975, governs sales conducted to foreclose on a mortgage and, in pertinent part, requires that a power of sale may be executed by “any person ... who, by assignment or otherwise, becomes entitled to the money” secured by the mortgage. § 35-10-1, Ala.Code 1975. In Sturdivant, this court, relying on several of the authorities cited in the Pattersons’ brief on appeal in this case, concluded that because BAC Home Loans had no interest in the property at the time it initiated its foreclosure proceedings, the foreclosure sale was invalid. 159 So.3d at 20 (citing § 35-10-9, Ala.Code 1975). • This court held that, because the foreclosure sale was invalid, BAC Home Loans had no legal title on which to base it claim in ejectment and, as a result, that BAC' Home Loans lacked standing to assert' its ejectment’ action. Sturdivant, 159 So.3d at 23.
In this case, GMAC initiated foreclosure proceedings at least four months before it obtained an interest. in .the mortgage.[5] GMAC was first assigned an interest in the mortgage.on August 6, 2007, the day before it .conducted its . already scheduled August 7, 2007, foreclosure sale. Given the Pattersons’ arguments on appeal, the authorities they cited in support of those arguments, and the holding of Sturdivant, supra, I agree with the Pattersons that GMAC failed to demonstrate that it had *844 standing to prosecute its ejectment action and that the trial court erred in allowing GMAC to 'prosecute its action. I therefore concur in the result reached by the main opinion.

. The record indicates that notice of "the foreclosure by publication was first made in May 2007 and completed in June 2007, The Pat-tersons contend that they were not provided notice of the acceleration of the mortgage indebtedness or of foreclosure, and the record does not contain evidence that they received those notices.